### BUTTE & B. CONSOL. MIN. CO. v. MONTANA ORE PURCHASING CO.

(Circuit Court of Appeals, Ninth Circuit. February 9, 1903.)

#### No. 846.

1. RIGHT TO REVIEW FAVORABLE JUDGMENT—WAIVER—MOTION FOR ENTRY—EFFECT.

The right to review a judgment granting insufficient relief is not waived by moving for the entry of the judgment after being denied a new trial.

2. WRITTEN INSTRUMENT—CONSTRUCTION—SITUATION OF PARTIES AND SUBJECT-MATTER—ADMISSIBILITY OF EVIDENCE.

Under Code Civ. Proc. Mont. § 3137, providing that the terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is admissible to show use in a local, technical, or other peculiar signification; and section 3136, providing that the circumstances under which a contract was made, including the situation of the subject-matter and parties, may be shown—testimony is admissible that a prospective lessee told the lessor that he was about to build a smelter, and that the premises were desired for dumping purposes, and also that the word "tailings," in the lease, was selected as the broadest term descriptive of the material to be dumped, and was intended to cover slag.

3. PURCHASE OF LEASED PREMISES—USE OF PREMISES—PURPOSE OF LEASE—NOTICE.

The purchaser of premises leased to the operator of a smelter for dumping purposes is put on notice of the technical and comprehensive sense in which the word "tailings" is used in the lease by the practical construction given the instrument in the dumping of slag.

4. EXCEPTION TO INSTRUCTION—SUFFICIENCY.

An exception to the court's charge on the burden of proof as a whole is insufficient to raise the objection on review that the court should have singled out a particular issue, and instructed otherwise as to that.

5. HARMLESS ERROR—SUCCESS OF PARTY—EFFECT.

A party in whose favor the jury has found an issue cannot allege error in the court's charge as to the burden of proof on that issue.

6. NONEXPERT WITNESSES—TECHNICAL MEANING OF WORD—ADMISSIBILITY OF TESTIMONY.

Where the ordinary meaning of a word used in a written instrument is not in dispute, but the issue is as to its technical meaning, the evidence of a nonexpert witness is properly excluded.

7. WRITTEN INSTRUMENT—USE OF TERM IN TECHNICAL SENSE—QUESTION OF FACT.

The question whether a word used in a written instrument has a technical meaning, more comprehensive than its ordinary meaning, in which the parties understood it, is an issue of fact for the jury.

---

¶ 7. See Contracts, vol. 11, Cent. Dig. § 768.

In Error to the Circuit Court of the United States for the District of Montana.

The plaintiff in error brought an action against the defendant in error in ejectment, and to recover damages upon three causes of action: First, for damages for trespass while the property was owned by the Butte & Boston Mining Company and its receivers, who were the predecessors in interest of the plaintiff in error; second, for damages for trespass while the property was owned by E. Rollins Morse, the successor in interest of the Butte & Boston Mining Company; and, third, for damages for trespass since May 3, 1897, the time during which the plaintiff in error was owner. The prayer of the complaint was for possession of the premises and for $12,000 damages. The defendant in error pleaded permission on the part of the owners of the premises to store water, débris, tailings, etc., on the premises, and also pleaded the statute of limitations; setting up therein that from April, 1892, until the commencement of the action, the defendant in error and its predecessors in interest had been dumping wastes from its concentrator and smelter upon the premises. It also claimed the right so to do under a written agreement with the Butte & Boston Company, and it alleged that during all of that time said corporation and its successors in interest had full knowledge and notice of such possession and use, and consented thereto, and acknowledged the right of the defendant in error so to do. The agreement under which the defendant in error justified its acts was made between the Butte & Boston Mining Company and F. Augustus Heinze, the predecessor in interest of the defendant in error. It contained the following clause: "It is also agreed that the said lessee shall have the right to flood and to store water upon any of the ground of the party of the first part lying east of the embankment of the north leg of the Y of the Northern Pacific Railway as now constructed, also the right to dump tailings from any and all works erected on the leased premises by the second party onto any ground of the party of the first part east of the Montana Union Railway Company's tracks and north of the embankment of the Northern Pacific Company, above mentioned, to wit, about the place where the tailings from the concentrator of the Boston & Montana Company's lower works are now being deposited. It being the intention of the parties hereto that the rights of storing water and dumping tailings and all rights of any kind mentioned in this indenture are to and shall belong to said second party under an extension of this lease." It was shown that upon the premises so mentioned, and at or about the time when the agreement was made, the predecessors of the defendant in error erected a smelter, and that, independently of the agreement, it purchased the liquidator concentrating plant, and the ground whereon the same was constructed; the same lying adjacent to the premises so obtained from the Butte & Boston Mining Company. Upon the trial of the cause the jury found a verdict for the plaintiff in error for the ownership of the ground in controversy subject to the easement granted by the instrument of November 16, 1892, and assessed damages to the plaintiff in error in the sum of $1.

Forbis & Evans, for plaintiff in error.

McHatton & Cotter, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

A motion is made to dismiss the writ upon the ground that the plaintiff in error attempts thereby to review a judgment which was rendered in its favor, and in which it acquiesced. The motion is based upon the fact that the judgment gives to the plaintiff in error the possession of the leased premises, subject to the lease, and damages in the sum of $1, and that the judgment was entered upon the motion of the plaintiff in error. It is argued that a party who accepts the benefits of a judgment

is estopped from prosecuting a proceeding to review the same. It is true that such an estoppel applies to one who accepts the benefits of a judgment, but this is not such a case. The judgment was in favor of the plaintiff in error, it is true; but it does not award it all that it sued for, and it had the right, therefore, to sue out its writ of error. That right was in no way affected by the fact that the judgment was entered at its instance. The court had denied its motion for a new trial. The entry of the judgment was a mere matter of form. If it were true that the plaintiff in an action, by moving the court to put in proper form and in the shape of a judgment its conclusion already reached, must thereby lose his right to review the judgment, the defendant in the case might eventually deprive him of that right by refusing to move for the entry of a judgment. All the cases cited by the defendant in error in support of its motion are cases in which the plaintiff in error or the party appealing has in some way acquiesced in the judgment, or accepted the fruits thereof, or consented thereto. None of these features occur in the present case. The plaintiff in error has not acquiesced in the judgment. It has not taken possession thereunder, nor collected damages or costs thereunder, nor has it in any way consented thereto. The motion for the entry of a judgment when the jury had returned their verdict, and the court had already announced its conclusion upon the motion for a new trial, was no consent. Counsel for the defendant in error, in this connection, and as ground for dismissing the writ, advert to the fact that the plaintiff in error has assigned no particulars in which the judgment is claimed to be erroneous. The answer to this is that error is not charged in the judgment itself or the entry thereof, but in the proceedings upon the trial upon which the verdict of a jury was reached. It is on account of those alleged errors that the judgment is sought to be reviewed.

It is contended that the court erred in admitting evidence to explain or define the meaning of the word "tailings," as it was used in the written agreement. Upon the trial it was contended by the defendant in error that it had the right to deposit slag upon the leased premises, and that the term "tailings" included slag, such as was the molten refuse from its smelter. The court, in ruling upon the objection to this evidence, said, "If it can be proven here that if, by any technical meaning, slag is embraced in tailings, you can prove it." Testimony was accordingly given by expert witnesses for the defendant in error tending to prove that the term "tailings" had a technical meaning, and, as such, included the refuse product from any practical process after the extraction of the valuable components of the rock, and that the term was sufficiently comprehensive to include slag. The testimony so offered is criticised, and it is contended that it was not sufficiently explicit or positive to prove that the term "tailings" had such a technical meaning as was claimed for it by the defendant in error. With the weight of the evidence, however, we are not concerned. We think there was sufficient evidence in the record to justify the submission of the question to the jury. The court, under proper instruction, permitted the jury to determine whether or not the term "tailings" had the technical signification which the defendant in error imputed to it. The jury, upon this question, and under the instruction of the court, re-

turned a special verdict, and found that the term "tailings" had a scientific meaning, and that it included "slag."

It is contended that the court erred in permitting the defendant in error to introduce evidence of the negotiations and conversations between the parties to the written contract which preceded its execution. If there was no error in the admission of evidence tending to prove that the word "tailings," as used in the contract, had a technical meaning such as to include slag, it follows that there was no error in admitting evidence to show that the parties to the contract, in adopting it, therein understood it in that technical sense.

Section 3137, Code Civ. Proc. Mont., provides:

"The terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is nevertheless admissible that they have a local, technical or otherwise peculiar signification, and were so used in the particular instance, in which case the agreement must be construed accordingly."

Section 3136 provides that, for the proper construction of an instrument, "the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it, may also be shown."

The testimony so admitted was to the effect that the lessee under the written contract made known to the lessor the fact that he intended to build a smelter, and that the premises in question were desired for dumping purposes, and that that matter was discussed and understood when the contract was made; that it was agreed that "tailings" was the broadest word that could be used, and that it would cover slag. It is suggested that there was error in admitting the evidence for the additional reason that the contract was made, not with the plaintiff in error, but with its predecessor in interest, and that the former stands in the attitude of an innocent purchaser, and is not chargeable with notice that the word "tailings," in the contract, was used otherwise than in its ordinary sense, or that it was understood between the parties in a more narrow and technical sense. To this it may be said that it does not appear that the plaintiff in error is an innocent purchaser from the Butte & Boston Mining Company. But it is immaterial whether or not it was a purchaser in good faith for value, and without actual notice. It was bound to take notice of the practical construction that had been placed upon the agreement by the original parties thereto. At the time when it became the owner of the property, the premises in question were, and for several years had been, used by the defendant in error as dumping ground for slag. According to the testimony, the evidence of that fact was plainly visible upon the ground. This was sufficient to put any purchaser upon notice to ascertain by what right the slag was so deposited, and whether the term "tailings" had been used in the contract in its ordinary meaning, or in the more technical sense in which the jury found that it was used. There is no denial in the testimony which appears in the record before us that the word was in fact used in that sense.

It is contended that the court erred in instructing the jury with reference to the burden of proof. The court, after instructing the jury

that the burden of proof was upon the plaintiff in error to prove every material allegation of its complaint, said:

"If you find from the evidence that it has failed to prove any material matter or issue by such preponderance of the evidence, you must find against it as to such matter or issue, and in favor of the defendant; and, if you find that the evidence is evenly balanced or preponderates in favor of the defendant as to any material matter in dispute in this case, you must find against the plaintiff and in favor of the defendant as to such matter."

It is conceded that this instruction was correct as to all the issues in the case, except the issue raised in the answer by the plea of the statute of limitations. It is contended as to that issue the charge was erroneous, and that the court should have instructed the jury that the burden of proof as to that was upon the defendant in error. The exception of the plaintiff in error, however, was to the whole charge to the jury on the subject of the burden of proof. No notice was thereby given to the court of the nature of the objection which is now relied upon. If the attention of the court had been specifically directed to the point of the objection, undoubtedly the instruction would have been corrected, and the jury would have been instructed as to the burden of proof upon that particular issue, if that was one of the material issues of the case. The plea of the statute of limitations which was set forth in the answer was that the defendant in error and its predecessor in interest had been in the open, continuous, and adverse possession of the premises, and had used the same for storing water and dumping débris thereon, since July, 1892, with the knowledge and consent of the plaintiff in error and its grantors, and that thereby the causes of action had become barred by the laws of Montana. The issue so raised was found by the jury in favor of the plaintiff in error. Its title to the property was sustained by the court and jury. It cannot complain, therefore, that the charge of the court upon that point was erroneous. The court, moreover, in charging the jury, instructed them as to the statute of limitations applicable to actions to recover damages for waste or trespass on real property, and informed them that no recovery could be had except for débris deposited on the premises within two years prior to the commencement of the action. No exception was taken to the charge.

It is contended that the court erred in excluding the evidence of one Matthews, who was called as a witness for the plaintiff in error to testify as to the meaning of the word "tailings." He did not claim to be an expert witness, nor was he offered as such, nor was it proposed to show by his testimony that the term "tailings" had or had not a technical meaning such as to include slag. The court ruled that he was not a qualified witness. We think the court ruled properly. There was no occasion to offer testimony to prove the ordinary meaning of the word "tailings." That was not in dispute. The court, in charging the jury, instructed them that the word, in its ordinary meaning, did not include slag.

It is said that the court erred in refusing to instruct the jury as requested by the plaintiff in error, and in its instructions given to the jury as to the meaning of the word "tailings," and in submitting its meaning as a question of fact to the jury. The court instructed the

jury, in substance, that the word "tailings," in its ordinary use and meaning, did not include slag, but that the jury might determine whether the term "tailings" had a scientific meaning, and whether the parties so understood it in writing the contract. The merit of this contention has already been discussed. If the court was right, as we have found that it was, in admitting the evidence above adverted to, there was no error in giving or refusing instructions to the jury.

We find no error in the record. The judgment is affirmed.