[No. 7914.   Department One.   June 9, 1909.]

MARGERY EBY, *Appellant*, v. JOHN LARKIN *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—RIGHT TO APPEAL—ESTOPPEL.   That the appellant, after an announcement of an erroneous conclusion of law therein, duly excepted to, prepared the findings, conclusions, and judgment in accordance with the decision, does not preclude him from appealing therefrom on the theory that he invited the error, having contested the matter all the way.

VENDOR AND PURCHASER—BREACH—REMEDIES OF VENDEE—RECOVERY OF PRICE.   Where vendors extended the time of payment of installments on a land contract, of which time was not the essence, so that there was no forfeiture, a vendee is entitled to recover payments made after the vendors have put it out of their power to convey by deeding the land to another.

Appeal by plaintiff from a judgment of the superior court for King county, Gilliam, J., entered December 22, 1908, after a trial on the merits before the court without a jury, upon findings limiting the plaintiff's recovery to $150, in an action on contract.   Reversed and judgment entered for $350.

*L. Y. Devries*, for appellant.

*M. E. Sheldon*, for respondents.

MORRIS, J.—The only question involved on this appeal upon the merits is, Do the findings of fact support the conclusions of law and judgment?   The findings of fact and conclusions of law are as follows:

"(1)   That on the 27th day of May, 1907, the plaintiff [appellant] Margery Eby, and defendants [respondents] John Larkin and Amanda Larkin, his wife, entered into a certain written contract as follows:
                                    " 'Seattle, May 27, 1907.
" 'Received from Margery Eby the sum of $200 to apply on contract for the purchase of lots 21, 22, 23, 24, in block

¹Reported in 102 Pac. 236.

1, in Green Lake Circle Railroad Addition to the City of Se-
attle, said lots being on the corner of Greenwood Avenue
and 67th Street.   The full purchase price of said property
to be $2,100, payable as follows:  $200 cash in hand, includ-
ing the amount of this receipt, and the balance, $150, July
10, 1907; $225 on or before Oct. 10, 1907; $225 on or be-
fore Jan. 10, 1908; balance payments as follows:  $300 per
year for three years, and four hundred dollars in four years
from Jan. 10, 1908; all notes to be made these dates on or
before at 7% per annum, with interest on deferred payments
at 7% per annum till paid, the same to be secured by first
mortgage on the property.   The purchaser shall be furnished
a complete abstract of the property by the owner, showing
good and sufficient title to the said property, and allowed
five days for examination thereof; whereupon she agrees to
complete the purchase in the manner and upon the terms
herein; and that in case of her failure to do so, the said sum
of money hereby receipted for shall at the option of the un-
dersigned be forfeited as liquidated damages to the owner.
It is further agreed that in the event of failure to convey
good and sufficient title within thirty days from date hereof,
the said sum of money shall be refunded to the purchaser.
Deed to be given any time after $800 has been paid and ab-
stract furnished.

" 'Witness our hands in duplicate this 27th day of May,
1907.   Bond to be placed in escrow within 10 days from date.

" 'John Larkin.

" 'Margery Eby.'

"(2)   That by the terms of said contract plaintiff [ap-
pellant] bought of the defendants [respondents] and the de-
fendants sold to plaintiff the said lots therein described for
the sum of $2,100, $200 being paid May 27, 1907, and the
further sum of $150 on July 10, 1907.   That the payments
provided for in the contract, viz., of Oct. 10, 1907, and Jan.
10, 1908, were not made and plaintiff was given further time
to make same.

"(3)   That no bond for a deed was ever placed in escrow
by defendants nor was any ever tendered or delivered to plain-
tiff; and that the writing of June 4, 1907, was not a bond
for a deed.

"(4)   That on February 7, 1908, the following notice
was served on plaintiff by defendants' agent:

" 'To Margery Eby:—

" 'You are hereby notified that we have, and hereby do elect pursuant to the provisions of our certain real estate contract which you executed on June 4th, 1907, to declare said contract wholly forfeited and determined, and all of your rights and privileges thereunder, as well as the payments which you have made, forfeited, and said payments to be retained by us as liquidated damages for your failure to comply with said contract. That said contract is forfeited and annulled and terminated, by reason of your failure to pay as provided therein, time being of the essence of the contract, the following sums of money, to wit: $225 on or before Oct. 10, 1907; $225 on or before Jan. 10, 1908, besides interest, as provided in said contract; that all of your rights to said lots have therefore reverted to us.

" 'Dated Seattle, Wash., February 6th, 1908.

" 'John Larkin,
" 'Amanda Larkin,
" 'By L. A. Newby, Agent.'

"(5)    That on February 8, 1908, defendants sold· the aforesaid lots to one Herman Reetz without the knowledge of the plaintiff and without her consent.

"(6)    That time was not of the essence of the contract.

"Wherefore, as a conclusion of law from the foregoing facts, the court finds that the plaintiff is entitled to judgment for the sum of $150 and costs of suit, and it is ordered that judgment be entered accordingly."

No exceptions were taken to the findings of fact, but the following exception is noted at the end of the conclusion of law, upon the day of the signing thereof:

"Plaintiff excepts to the conclusion of law in the above case. L. Y. Devries, Atty. for plaintiff."

Upon the announcement by the court of its decision, counsel for the appellant prepared the findings, conclusion of law, and judgment, in accordance with the decision of the court, and submitted them to the court for its signature, giving notice to counsel for respondents of the time when they would be so presented, and upon obtaining the signature of the court thereto, filed the same, and took this appeal.

Respondents now move to dismiss the appeal upon the ground that appellant, having moved the court for judgment upon findings of fact and conclusions of law prepared by herself, cannot complain of error, the error, if any, having been committed upon her own motion; and that having requested the court to so find, respondents were led to believe the findings so requested were satisfactory to her, and being thus lulled into inactivity, took no exceptions to enable them to prosecute a cross-appeal. In support of this contention, respondents cite cases holding that a party cannot obtain reversal of a judgment on appeal for error which he himself has committed, that having requested a given ruling by the court below, he cannot ascribe error to such ruling on appeal.

Conceding such is the proper rule to be applied in a proper case, we do not think it applicable to the situation shown here. Appellant was content with the facts as found by the court; the court had announced its conclusion of law based upon those facts, and appellant could only hope to obtain what she assumed to be a proper conclusion of law and judgment by appeal. She had already submitted the facts to the court, and the court had ruled against her contention. She had a right to have such ruling entered of record in order that she might appeal therefrom. She did not invite the error, if any, of the court. She contested all through the case her right to a larger judgment upon the facts found; but the court ruling otherwise, she did nothing which would deprive her of her appeal by insisting that the record show such a finality as to enable her to prosecute her appeal. Respondents were deprived of no rights in the matter. If the findings were not satisfactory to them, they had opportunity to except and to submit others that were. The fact that a litigant enters a judgment in his favor, in order to appeal therefrom, does not preclude him from questioning the error of that judgment in denying him all the relief claimed by

him. 2 Ency. Plead. & Prac., 157, and cases there cited. The motion to dismiss the appeal is therefore denied.

Coming to the merits: If, as the court below held, plaintiff was entitled to a judgment of $150, she was entitled to the entire amount paid by her upon the contract. The court finds that respondents breached the contract by voluntarily placing themselves in a position where they could not comply with its terms; that there was no forfeiture, the time for making the payments having been extended. If, by reason thereof, appellant was entitled to recover back the one payment of $150, by the same process of reasoning she was entitled to recover the other of $200, and we so hold.

The judgment is reversed, and the cause remanded to the court below with instructions to enter a judgment in favor of plaintiff in the sum of $350, with legal interest from February 8, 1908, with costs.

RUDKIN, C. J., GOSE, FULLERTON, and CHADWICK, JJ., concur.