AVERY, Respondent, v. PETERSON, Appellant.

(163 N. W. 677.)

(File No. 4165.    Opinion filed June 26, 1917.    Rehearing denied August 7, 1917.)

1.  **Appeals—From Judgment in One's Favor, Right to—Docketing of Judgment, Effect, on Right to Appeal—Estoppel.**

    While a party may appeal from a judgment in his favor when dissatisfied therewith; yet a party accepting benefits under a judgment will not be permitted thereafter to question or appeal from such judgment.  **Held,** further, that the mere entering and docketing of a judgment, where no benefits have been claimed or accepted under and by virtue thereof, will not estop or prevent a party so entering and docketing the judgment from thereafter appealing therefrom; such docketing being clerk's duty, under Code Civ. Proc., Sec. 322.

2.  **Appeal—From Judgment in One's Favor—Receipt of Benefits Under Judgment, Test of—Unaccepted Court Deposit of Judgment Money, Effect, on Right to Move for New Trial.**

    The test of whether or not appellant has accepted or received benefits under a judgment is this:  "Suppose the judgment should be reversed, will appellant thus hold some substantial advantage to which he would not have been entitled had not the judgment been rendered?"; therefore, **held,** that the fact that judgment debtor had deposited with clerk of court the amount of verdict in plaintiff's favor, after entry and docketing of the judgment, the money having ever since remained in clerk's custody, but neither plaintiff nor its attorney having exercised any authority over it, did not estop plaintiff from applying for and having granted to it a new trial.

Appeal from Circuit Court, Minnehaha County.  Hon. JOSEPH W. JONES, Judge.

Action by Avery Company, a corporation, against J. N. Peterson, upon a promissory note and a chattel mortgage securing

same. From an order granting to plaintiff a new trial after entry
and docketing of judgment in his favor, defendant appeals. Af-
firmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Morris & Fitzpatrick,* for Respondent.

(1) To point one of the opinon, Appellant cited: 2 Cyc. 650;
Murphy v. Spaulding, 46 N. Y. 556; 3 Corpus Juris, Secs. 512,
536.

Respondent cited: Franklin L. Fisher Co. v. Woods, 79
N. E. 836, 187 N. Y. 90; 2 Cyc. 657; 3 Corpus Juris, p. 680;
Tama County v. Melendy, 55 Iowa, 395, 7 N. W. 641; Tuttle v.
Tuttle (N. D.) 124 N. W. 429.

McCOY; J. [1] The complaint stated a cause of action on a
promissory note and chattel mortgage, asking judgment for $1,-
485, the amount of such note, and that the same be adjudged a
lien upon certain machinery. Defendant answered, pleading a
failure of consideration of said note, and a counterclaim for
$1,183, to which counterclaim plaintiff made proper reply. On the
trial the jury returned a verdict in favor of plaintiff for $233.50,
and also found the plaintiff was entitled to the immediate pos-
session of certain machinery. Plaintiff caused judgment to be
entered and docketed in said action on May 31, 1916. Thereafter
in due time plaintiff served notice of intention to move for a new
trial, upon the record thereafter to be settled, and on the ground
of newly discovered evidence. Thereafter, on the 23d day of
August, 1916, defendant deposited with the clerk of said court
$238, and requested plaintiff to accept said money and to satisfy
the judgment entered in said action; that such money was not
accepted and such judgment not satisfied, and said money has
ever since remained in the custody of said clerk, neither plaintiff
nor its attorneys having exercised any authority whatever over the
same. Thereafter, on the 9th day of November, 1916, the trial
court made an order granting to plaintiff a new trial, and set
aside the verdict and judgment rendered in said action. To the
ruling of the court in granting said new trial the defendant, the
appellant, duly excepted, and now urges such ruling as error.
Appellant on this state of facts insists that the court erred in
granting said new trial, and contends that the respondent by pro-

curing judgment and docketing the same in the office of said clerk, precluded itself from demanding a new trial or taking any other or further action with a view to a new trial; that plaintiff accepted the benefits of such judgment and was therefore estopped to procure a new trial. The appellant does not question but what the trial court was justified in granting plaintiff a new trial on account of errors of law which are set forth in the settled record, provided the plaintiff is not estopped by his own acts from seeking a new trial. There is no question but what a party to an action may appeal from a judgment in his favor when he is dissatisfied with such judgment. It is also well settled that a party who accepts benefits under a judgment will not be permitted thereafter to question or appeal from such judgment. The mere entering and docketing of a judgment, however, where no benefits have been claimed or accepted under and by virtue thereof, will not estop or prevent a party so entering and docketing such judgment from thereafter appealing therefrom. Frank L. Fisher Co. v. Woods, 187 N. Y. 90, 79 N. E. 836, 12 L. R. A. (N. S.) 707; Loveday v. Parker, 50 Wash. 260, 97 Pac. 62; Eby v. Larkin, 53 Wash. 454, 102 Pac. 236; Butte Mining Co. v. Mont. Ore Co., 121 Fed. 524, 58 C. C. A. 634; Board of Education v. Frank, 64 Ill. App. 367; Warner v. Lockerby, 28 Minn. 28, 8 N. W. 879; Smith v. Dittman, 16 Daly, 427, 11 N. Y. Supp. 769; Jones v. Davis, 22 Wis. 421; Tama County v. Melendy, 55 Iowa, 395, 7 N. W. 669; Hall v. McCormick, 31 Minn. 280, 17 N. W. 620; Carlson v. Benton, 66 Neb. 486, 92 N. W. 600, 1 Ann. Cas. 159; 2 Cyc. 657; Stan. Ency. of Proc., vol. 2, p. 165; 3 Corpus Juris, 670. The test of whether or not the appellant has accepted or received benefits under a judgment is this:

"Suppose the judgment should be reversed, will the appellant thus hold some substantial advantage to which he would not have been entitled had not the judgment been rendered?" Tuttle v. Tuttle, 19 N. D. 748, 124 N. W. 429.

[2] Applying this test to the case at bar, the respondent accepted no benefits whatever under the said judgment, and was therefore not estopped to make application for and have granted to it a new trial.

Contention is made that the docketing of the judgment in question should prevent appellant from taking the appeal there-

from.   Under our statute a judgment, in all cases, is docketed in the county of its rendition by the clerk, as a part of his official duty, immediately upon its being filed.   Section 322, C. Civ. Pr. It would therefore follow that the mere fact of docketing in the county of rendition by the clerk as a part of his duty under the statute should in no respect estop the party in whose favor the judgment was rendered from appealing therefrom, in cases where he had received no benefits under such judgment or from the filing and docketing thereof.

Finding no error in the record, the order appealed from is affirmed.