309 P.2d 235

Tommy MARRUFFO and Russell Badley, Appellants,

v.

Stanley C. McDONALD, Appellee.

No. 6143.

Supreme Court of Arizona.

April 9, 1957.

Moore & Romley and Anthony T. Deddens, Phoenix, for appellants.

McKesson & Renaud and J. Gordon Cook, Phoenix, for appellee.

UDALL, Chief Justice.

This is an appeal by Tommy Marruffo and Russell Badley, defendants-appellants, from an order of the superior court granting Stanley C. McDonald, plaintiff-appellee, a new trial and from an order of the court denying defendants' motion to vacate such order. Hereinafter the designation used in the lower court, i. e., plaintiff and defendants, will be used.

Plaintiff's complaint was a tort action in which damages in excess of $75,000 were sought against defendants for personal injuries and property damage resulting from the alleged negligence of defendants in the operation of a motor vehicle. Issues were joined. The case was then tried to the court sitting with a jury, and the latter returned a verdict on March 16, 1955, in the sum of $1,500. On motion of plaintiff the court on March 30th rendered judgment against defendants in accordance with the verdict, and on the same day the judgment fee was paid and the clerk entered said judgment in the civil docket. On April 7, 1955, plaintiff filed a motion for new trial upon the sole ground that the damages awarded by the jury were inadequate. After oral argument was had on said motion the court entered an order granting it, with a direction that there be a new trial on all issues. Thereafter the defendants moved to vacate this last order, which motion was denied. This appeal followed.

The sole question presented is stated as follows:

"Did the plaintiff waive his right to a new trial by moving for and obtaining judgment on the verdict?"

The position of defendants is succinctly set forth in their two propositions of law, viz.:

"1. The right to a new trial may be waived or lost by seeking some remedy

or taking some action inconsistent with the assertion of a right to a new trial.

"2. When a party moves for and obtains judgment on a verdict he waives his right to a new trial. It is an abuse of discretion and error under such circumstances to grant a new trial and to deny a motion to vacate the order granting a new trial."

In support of these propositions defendants urge that in the instant case there is a definite relationship between the conduct of the plaintiff in moving for judgment on the verdict, and thereafter moving for a new trial. They maintain the two acts are related and definitely inconsistent, cf. Moran v. Jones, 75 Ariz. 175, 253 P.2d 891, reasoning that by adopting the verdict and moving that judgment be entered thereon plaintiff did in effect plainly indicate that he did not intend to rely upon a new trial.

One factor that throws some light on the matter of intent is that in the instant case the plaintiff made no effort to realize the benefits of his judgment. In 66 C.J.S., New Trial, § 9 b., p. 84, this statement appears:

"The acceptance of the fruits of a judgment is generally inconsistent with the right to move for a new trial, and an election to take the fruits is a renunciation of such right; but a party is not estopped to ask for a new trial after judgment in his favor where no benefits were claimed or accepted thereunder * * *."

Cf. Atlantic Contracting Co. v. Hyde, 108 Ga. 799, 33 S.E. 995, and Avery Co. v. Peterson, 39 S.D. 144, 163 N.W. 677.

Defendants have cited and strongly rely upon 39 Am.Jur., New Trial, section 15, p. 40, wherein it is stated that the right to new trial is lost or may be waived by filing a motion for judgment on the verdict. The sole authority for this pronouncement is a reference to Ann.Cas.1914B, p. 612, where, under the heading "In General", five cases are digested. Three of the five clearly give no support to this text statement; in one of the other two a federal district court held a claimant-defendant's motion for new trial was required to be dismissed by reason of the fact that upon a judgment entered according to a stipulation which he proposed, claimant had *availed himself of its benefits* and rendered unavailable certain evidence of importance in a new trial. The fifth case, Nixon v. Downey & Wolverton, 49 Iowa 166, stated a motion for judgment and motion for new trial are inconsistent. There the defendants moved for judgment in their favor on special findings notwithstanding the general verdict and also moved for new trial to be ruled upon if the former were not granted. The court found the lower court erred in granting defendants' first motion, and then held the motion for new trial was *temporarily* waived by the motion for judgment and that the time had expired within which a new motion could be made. Thus, these cases are neither ap-

plicable to the instant case nor do any of them adequately support the comment in 39 Am.Jur., supra.

The only other text statement, directly in point, which we have been able to find is 66 C.J.S., New Trial, § 9, subsection d, p. 84, wherein it is stated:

"* * * Where a party moves for judgment on a verdict rendered in his favor, but is dissatisfied with the verdict, he is not precluded from moving for a new trial by the fact that he moved for judgment on the verdict. * * *"

However, the only case cited in support of this proposition is Davis v. Whitmore, 1934, 43 Ariz. 454, 32 P.2d 340. The then applicable law was found in section 3850, of the 1928 R.C.A., which reads in part as follows:

"§ 3850. Time of making and determining motion. Motions for new trial, in arrest of judgment, or to set aside a judgment, shall be made *within ten days after the rendition of judgment,* * * *." (Emphasis supplied.)

It was held in the Whitmore case that under the statute just quoted, the motion for new trial could not be presented until after rendition of judgment, and, hence, plaintiff was entitled to present his motion for a new trial notwithstanding judgment had previously been entered thereon at his request.

With the adoption of the Rules of Civil Procedure in 1940, section 3850, R.C.A.1928, supra, was replaced by Rule 59(b), sec. 21–1305, A.C.A.1939, 17 A.R.S. Rules of Civil Procedure, rule 59(d), which reads in part:

"Time for motion.—A motion for a new trial shall be served *not later than* ten (10) days after the entry of the judgment, * * *." (Emphasis supplied.)

The effect of this change in procedure was recognized by this court in the case of Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 121 P.2d 412, wherein it was held that a motion for new trial *can be granted by the court when filed after verdict and before judgment or for ten days after judgment.*

Does it necessarily follow, as a matter of law, that because plaintiff obtained the entry of judgment before moving for a new trial he thereby waived his right to thereafter seek a new trial? We think not. No reported cases have been cited—nor have we been able to find any—that would sustain such a contention. Where, as here, no benefits have been accepted under the judgment, there would appear to be no resulting injustice nor inconsistency as would prohibit a prevailing party from moving for a new trial after he had obtained the entry of judgment. Frankly, we can perceive nothing in Rule 59(b), supra, which com-

pels a conclusion that this act alone would constitute a legal waiver of such a right. As interpreted in the Sadler case, supra, this rule (59–b) has at best enlarged a party's right and is not at all constrictive in its effect. We hold that the trial court was correct in determining as a matter of law that no waiver existed.

We see no occasion to discuss the matter of a claimed abuse of discretion by the trial court as there is no factual predicate upon which to base such a claim.

Defendants do not question but what the trial court was justified in granting plaintiff a new trial on account of inadequacy of damages awarded by the jury, provided plaintiff, by moving for judgment, did not "waive" his right to seek a new trial. The sole assignment of error presented has so limited the scope of review.

We have concluded that the learned trial court was correct in determining there is nothing on the face of this record that is indicative of "waiver", i. e., a voluntary and intentional relinquishment of the right to move for a new trial.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER, and LA PRADE, JJ., concurring.