[No. 38625-5-I.   Division One.   September 29, 1997.]

SEATTLE SCHOOL DISTRICT NO. 1, *Appellant*, v.
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NOS. 609, 609A, 609B, AND 609C, A.F.L.-C.I.O.,
*Respondents.*

*Charles N. Eberhardt* and *Paul E. Smith* of *Perkins Coie,* for appellant.

*John R. Burns* and *Dmitri L. Iglitzin* of *Schwerin, Burns, Campbell & French*, for respondents.

KENNEDY, A.C.J. — Seattle School District No. 1 (the District) appeals the judgment entered in King County Superior Court dismissing its complaint for declaratory judgment. The District brought the declaratory judgment action against International Union of Operating Engineers Locals 609, 609A, 609B, and 609C, A.F.L.-C.I.O. (the Union) concerning the legality of certain provisions of the parties'

collective bargaining agreements. The District contends that the trial court erred in refusing to declare that the unlimited supplemental compensation provisions contained in the collective bargaining agreements for "injury while on duty" are barred by RCW 28A.400.300(2)(c), which limits the granting and accumulation of "annual leave with compensation for illness, injury, and emergencies" to 12 days per year. We conclude that the supplemental compensation provisions contained in the collective bargaining agreements are not for "annual leave" as that term is utilized in RCW 28A.400.300(2)(c). Accordingly, we affirm the judgment in favor of the Union.

## FACTS

The District is party to collective bargaining agreements with the Union, which represents the District's custodians, gardeners, food service workers, security monitors, alarm monitors and security response specialists—some 12 percent of the District's employees. The collective bargaining agreements that were in effect when this action was filed took effect in the fall of 1994 and expired on August 31, 1997, during the pendency of this appeal. The clauses of the collective bargaining agreements that are at issue have been included in collective bargaining agreements between the parties since the 1970s. In recent years, the District and the Union have been unable to agree as to the legality of the provisions. To avoid a strike, the District and the Union agreed to defer resolution of the matter to the judiciary. Although the particular collective bargaining agreements between the District and the Union that were in effect when this action was filed have now expired, the controversy is ongoing.

Under Washington's Industrial Insurance Act, Title 51 RCW, District employees who have been temporarily disabled due to on-the-job injuries are entitled to disability compensation payments from the District. Although the District is a self-insurer for purposes of workers' compensation, eligibility requirements and compensation limits

are governed by Title 51. In the collective bargaining agreements at issue here, the disability compensation payments governed by Title 51 are referred to as "Time Loss Compensation." We will use that phrase when referring to Title 51 disability compensation in the course of this opinion.

Title 51 time loss compensation is limited to 60 percent to 75 percent of the lost wages of those injured workers who are totally disabled, whether on a permanent or temporary basis, and time loss compensation may not be available at all for the first three days following the injury. *See* RCW 51.32.060; 51.32.090. The District also grants to all regular, full-time employees 12 days of accruing "annual leave with compensation for illness, injury, and emergencies" as provided by RCW 28A.400.300(2)(c). In the collective bargaining agreements at issue here, this annual leave is referred to as "Sick/Emergency Leave." District employees are permitted by statute to accumulate and to periodically "cash out" a portion of their unused sick/emergency leave at the rate of one day's pay for four days of accrued leave, so long as they have accumulated at least 60 days of such leave. *See* RCW 28A.400.210. In the case of an illness or injury covered by workers' compensation, employees can use accrued sick/emergency leave to make up the difference between time loss payments and full salary. Employees not covered by a collective bargaining agreement containing clauses similar to those at issue in this appeal have no other form of paid leave available to make up such difference.

In addition to sick/emergency leave, the collective bargaining agreements between the District and the Union that were in effect when this action was filed and since the late 1970s provided for supplemental compensation to Union employees who had been injured on the job. The pertinent provision stated that upon validation of a claim in accordance with the Industrial Insurance Laws:

> The employee shall continue to receive the equivalent of full salary appropriate to his/her regular assigned position at the

time of such injury on duty, for the period of disability, *through a combination of Time Loss Compensation and the necessary supplemental amount*[.]

(Emphasis added). Although the supplemental compensation is available in a variety of situations typically covered by sick leave, the agreements expressly provide that the compensation is not to be deducted from a Union employee's accrued sick/emergency leave:

Absence due to an injury incurred on or around School District premises in the course of the employee's employment, or as a direct result of the employee performing his/her duty, *shall be compensated without loss of Sick/Emergency Leave.*

(Emphasis added). By the terms of the collective bargaining agreement, this supplemental compensation is not subject to a dollar limitation, and may be received as long as a worker is covered by an active and open industrial insurance claim.

During contract negotiations between the District and the Union, a dispute arose regarding the legality of these supplemental compensation provisions. When the parties were unable to resolve the dispute, the District filed a complaint for declaratory judgment. On January 12, 1996, the District moved for summary judgment, arguing that the supplemental compensation provisions violate RCW 28A.400.300(2)(c), under which school districts may grant and allow public school employees to accrue not more than 12 days of "annual leave with compensation for illness, injury, or emergencies." The District requested a declaration from the court that the disputed provisions are contrary to law, void, and unenforceable.

On February 9, 1996, the court denied the District's motion for summary judgment, holding that "RCW 28A-.400.300(2)(c) does not render unenforceable any portions of [the collective bargaining agreements] before the court." The court subsequently denied the District's motion for reconsideration and, upon the District's request,

entered final judgment dismissing the complaint for declaratory judgment. This timely appeal followed.

## DISCUSSION

The District appeals the trial court's order dismissing its complaint for declaratory judgment, arguing that the court erred in failing to declare that the collective bargaining agreements' supplemental compensation provisions for "injury while on duty" are barred by RCW 28A.400.300(2)(c).

As a preliminary matter, the Union contends that the District is barred from seeking review of the judgment dismissing its complaint because the District, itself, sought the judgment of dismissal. We summarily reject this contention. *See Eby v. Larkin*, 53 Wash. 454, 457, 102 P. 236 (1909) (holding that when the plaintiff moved for judgment, "she did nothing which would deprive her of her appeal by insisting that the record show such a finality as to enable her to prosecute her appeal."). The District did nothing more than move for entry of final judgment to enable it to prosecute its appeal of an order that was not otherwise appealable as a matter of right. *See Zimny v. Lovric*, 59 Wn. App. 737, 739, 801 P.2d 259 (1990) (order denying motion for summary judgment is not appealable as a matter of right).

With respect to the merits, at issue is the District's statutory power to grant supplemental compensation to employees receiving time loss payments while temporarily disabled. School districts are municipal or quasi-municipal corporations. *Noe v. Edmonds Sch. Dist. No. 15*, 83 Wn.2d 97, 103, 515 P.2d 977 (1973). Because they are created by the Legislature, they can exercise only such powers as the Legislature has granted in express words, or those " 'necessarily or fairly implied in or incident to the powers expressly granted, and also those essential to the declared objects and purposes of the corporation.' " *The Municipality of Metro. Seattle v. Division 587, Amalgamated Transit*

*Union*, 118 Wn.2d 639, 643, 826 P.2d 167 (1992) (quoting *Port of Seattle v. Utilities & Transp. Comm'n*, 92 Wn.2d 789, 794-95, 597 P.2d 383 (1979)). If there exists a doubt as to a claimed grant of power, it must be denied. *Port of Seattle*, 92 Wn.2d at 795; *King County Water Dist. No. 75 v. Port of Seattle*, 63 Wn. App. 777, 782, 822 P.2d 331 (1992).

The District contends that the supplemental compensation provisions for "injury while on duty" are neither expressly authorized by law nor authorized by necessary implication from any express grant of authority. Instead, the District asserts, the provisions are in direct conflict with RCW 28A.400.300(2)(c), and are void and unenforceable.

██ RCW 28A.400.300 provides, in pertinent part:

Every board of directors, unless otherwise specially provided by law, shall:

. . . .

(2) Adopt written policies granting leaves to persons under contracts of employment with the school district(s) in positions requiring either certification or noncertification qualifications, *including but not limited to* leaves for attendance at official or private institutes and conferences and sabbatical leaves for employees in positions requiring certification qualification, and *leaves for illness, injury, bereavement and, emergencies* for both certificated and noncertificated employees, *and with such compensation as the board of directors prescribe: Provided, That the board of directors shall adopt written policies granting to such persons annual leave with compensation for illness, injury and emergencies as follows:*

. . . .

(c) For certificated and noncertificated employees, *annual leave with compensation for illness, injury, and emergencies shall be granted and accrue at a rate not to exceed twelve days per year;* provisions of any contract in force on June 12, 1980, which conflict with requirements of this subsection shall continue in effect until contract expiration; after expiration, any new contract executed between the parties shall be consistent with this subsection[.]

(Emphasis added). The District contends that the supplemental compensation provisions violate RCW 28A-.400.300(2)(c) because "they purport to create an open-ended entitlement to fully paid leave for one type of injury, namely, injury incurred on the job." According to the District, because the supplemental compensation is simply a form of injury leave, it is subject to the 12-day cap.

RCW 28A.400.300(2) contains a broad grant of authority to school districts to grant leaves to their employees. As our Supreme Court has noted, "[t]he Legislature specifically used the terms 'including but not limited to' prior to its listing types of paid leave and thus did not limit the discretion afforded school districts in contracting with its employees." *State ex rel. Graham v. Northshore Sch. Dist.No. 417*, 99 Wn.2d 232, 238, 662 P.2d 38 (1983) (emphasis added) (holding that RCW 28A.58.100—prior codification of RCW 28A.400.300—did not preclude a school district from contracting for release time provisions, a type of leave not expressly enumerated in the statute). Moreover, and equally important to the issue presented here, the Legislature expressly vested school districts with the authority to grant leaves "*with such compensation as the board of directors prescribe*[.]" RCW 28A.400.300(2) (emphasis added). Although this broad grant of power is limited by the proviso immediately following, provisos are to be strictly construed, with any doubt as to their meaning to be resolved in favor of the general provisions rather than the exceptions. *State v. Wright*, 84 Wn.2d 645, 652, 529 P.2d 453 (1974).

■ The proviso contains various limitations with respect to "annual leave with compensation for illness, injury and emergencies." The terms in that phrase are not defined. Accordingly, they must be given their usual and ordinary meaning. Courts frequently turn to dictionaries to ascertain the common meaning of statutory language. *Marino Property Co. v. Port of Seattle*, 88 Wn.2d 822, 833, 567 P.2d 1125 (1977). According to WEBSTER'S

THIRD NEW INTERNATIONAL DICTIONARY at 88 (1969), "annual leave" means "free time granted annually to a jobholder." "Injury" means "hurt, damage or loss sustained . . . (suffered severe injuries in the accident). *Id.* at 1164. Subsection (c) of the proviso provides that annual leave with compensation for illness, injury, and emergencies "shall be granted and accrue at a rate not to exceed twelve days per year[.]" WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY at 13 (1969) defines "accrue" as "to come into existence as an enforceable claim : vest as a right"; "to come by way of increase or addition"; "to be periodically accumulated . . . gather, collect accumulate (authorized by law to accrue leave . . . in the maximum amount of 120 days—U.S. Code)."

▮ The specific issue we must resolve is whether the supplemental compensation at issue in this case is the same thing as annual leave granted and accrued for injury under RCW 28A.400.300(2)(c). If it is, the statutory cap applies; if it is not, the statutory cap does not apply. We conclude that the two kinds of compensation are not the same. Annual leave that is subject to the 12-day cap is a benefit that accrues annually, up to a statutory maximum of 180 days for purposes of RCW 28A.400.210-.220, and for leave purposes up to the number of contract days agreed to in a given contract but not greater than one year. *See* RCW 28A.400.300(2)(e). "Such accumulated time may be taken at any time during the school year or up to twelve days per year may be used for the purpose of payments for unused sick leave." *Id.* Up to 45 days of accumulated time for injury or illness shall be creditable as service rendered for the purpose of determining eligibility for retirement. *See* RCW 28A.400.300(2)(g). Accumulated leave under the proviso shall be transferred from one district to another if the employee changes positions. *See* RCW 28A.400.300(2)(h). The supplemental compensation here at issue bears none of these attributes. It does not accrue. It cannot be cashed in. It does not affect retirement eligibility and is not transferable to a new job in another

214

district. Unlike the annual leave payments provided for in the statute, it is payable only to employees who are subject to collective bargaining agreements providing for such supplemental compensation and not to all employees of the District. Moreover, the supplemental compensation is payable only while such Union employees are verified for industrial insurance payments under Title 51. We conclude that the supplemental compensation here at issue is not "annual leave with compensation for illness, injury and emergencies" as that term is utilized in the proviso. Accordingly, the proviso does not limit the District's broad discretion to grant leave to its employees "with such compensation as the board of directors prescribe" as provided in RCW 28A.400.300(2).

The trial court properly ruled that RCW 28A.400-.300(2)(c) does not render unenforceable any portions of the collective bargaining agreements before the court, and properly dismissed the District's declaratory judgment action.

Affirmed.

COLEMAN and WEBSTER, JJ., concur.