Pence et al. v. Gale.

JOHN W. PENCE, *et al.*

*vs.*

SAMUEL C. GALE (impleaded with Robert E. Mitchell and Frank Gale.)

When the owner of a promissory note holds collateral security for the same, the release of such security does not discharge a surety upon the note, if such release was given at the surety's instance and with his consent.

Action upon a promissory note by the payees against the makers. At the trial in the district court for Hennepin county, it appeared that the note was given for money loaned by the plaintiffs to the defendants Mitchell and Frank Gale, partners as Mitchell & Gale, and was signed by the defendant S. C. Gale, solely for their accommodation, he receiving no part of the consideration, and that his character of surety was known.to the plaintiffs at the time the note was given. The firm of Mitchell & Gale was afterwards dissolved, Mitchell retaining the partnership property. Mitchell was subsequently adjudged a bankrupt on his own petition by the United States district court for Minnesota, and surrendered to a custodian, appointed by that court, his entire stock in trade in Minneapolis, of the value of thirty thousand dollars. The plaintiffs duly proved the note in suit against his estate in the bank-

ruptcy proceedings. Afterwards it was agreed between Mitchell and his creditors, that he should deliver to them his notes, endorsed by D. Morrison, to the amount of fifty per cent. of their respective claims, and this having been done, and a sum sufficient to pay in full certain creditors, not parties to the compromise, having been deposited in the bankruptcy court, the creditors (including the plaintiffs) signed a petition to that court for a dismissal of the bankruptcy proceedings and a restoration of the surrendered property to the bankrupt, which petition was granted, and the property restored. The plaintiffs did not at the time of signing the petition, or at any time, receive any note endorsed by D. Morrison on account of the note in suit. When this action was commenced Mitchell had again become a bankrupt and had absconded, and the defendant Frank Gale had no property not exempt from execution.

The plaintiffs introduced evidence tending to prove that in signing the petition for the dismissal of the bankruptcy proceedings, and the restoration of Mitchell's property, without receiving Mitchell's note endorsed by Morrison for fifty per cent. of the note in suit, they acted with the defendant S. C. Gale's assent and at his request, while on behalf of the defendant, evidence was introduced tending to prove that his assent to the plaintiff's joining in the petition was conditional on the delivery to them of such a note.

The defendant excepted to a portion of the charge of the court, which is stated in the opinion. The jury found a verdict for the plaintiffs for the full amount of the note and interest, and the defendant appeals from an order denying a new trial.

LOCHREN, McNAIR & GILFILLAN for Appellant.

SAMUEL R. THAYER for Respondents.

Pence et al. v. Gale.

*By the Court.*—Berry, J.—I.   The appellant takes the position that the dismissal of the proceedings in bankruptcy against R. E. Mitchell, and the restoration of his property to him at the request of plaintiffs, (among other creditors,) were, in effect, a release of collateral security for the note upon which the action is brought, and upon which he, (the appellant,) is surety.   His claim is, that this release operates to discharge his liability upon the note.   For the purposes of this case it may be admitted, (without inquiry,) that the effect of the dismissal of proceedings, etc., was to release collateral security, as contended by appellant.   Such release, however, does not discharge the appellant, if it was given at his instance, and with his consent.   *Willis vs. Davis,* 3 *Minn.* 17 ; 3 *Lead. Cas. in Eq.* (3d *Am. Ed.*) 562, *and cases cited ;* 2 *Am. Lead. Cas.* (4th *Ed.*) 343, 413, *and cases cited.*   Upon a careful perusal of the testimony reported in the case, we are of opinion that the jury were at liberty to find, (as they appear to have done,) that the acts of the plaintiffs in procuring the dismissal of the proceedings in bankruptcy, and the restoration of his property to the bankrupt, were performed with the consent and at the request of appellant, and that such consent and request were absolute and not subject to any condition.   If the jury were right in this conclusion of fact, (as must be presumed,) the alleged release did not operate to discharge the appellant, and furnishes no defense to this action.

II.   The verdict being for the whole amount of the note and interest, the instruction given to the jury, " that the plaintiff, in any event, was entitled to recover fifty per cent. of the amount of the note and interest," possesses no practical importance.

III.   The court, among other things not reported in the settled case, instructed the jury, " that as it was defendant's (appellant's) duty to be diligent in matters touching his own

interests, and when the proceedings were going on for the release from bankruptcy, if he took no steps which he might have taken to have the Morrison note procured, or otherwise to protect himself, he cannot complain of a result he might easily have prevented, unless misled by the plaintiff."

As the verdict is manifestly based upon the idea, that the dismissal of the bankruptcy proceedings, and the return of the bankrupt's property were upon the absolute and unconditioned consent and request of appellant, and as there is nothing in the case to show that the plaintiffs undertook or agreed, either expressly or by implication, to procure the Morrison note, or to do any thing else to *protect* the appellant, (whatever that may mean,) and as it is to be presumed that the law was in other respects correctly given to the jury, no error is apparent in this instruction of which the appellant has any just reason to complain.

Order denying a new trial affirmed.