JOHN ROLLINS *vs.* ST. PAUL LUMBER COMPANY.

## July 11, 1874.

**Complaint Aided by Answer.**—*Bennett* v. *Phelps*, 12 Minn. 326, followed as to the point, that a defect in a complaint may be supplied by the answer.

**Complaint—What Should be Pleaded.**—A complaint, whether upon a special contract or otherwise, need not set out any facts except such as are material to the plaintiff's cause of action.

**Charge—Error Without Prejudice.**—*Pence* v. *Gale*, 20 Minn. 257, followed as to the point, that an instruction to the jury, though erroneous, will furnish no ground for a new trial, unless the same was practically prejudicial.

The complaint alleges that on March 4, 1872, the plaintiff contracted with the defendant to drive certain logs of defendant from the Mike Drew Brook, so called, into the Anoka Boom, for which defendant agreed to pay him at the rate of one dollar and twenty cents per thousand feet, to be paid in full when the logs were in the boom; that the plaintiff drove about 360,000 feet of said logs into the boom in July, 1872, and the further amount of about 863,000 feet in June, 1873, in all 1,292,979 feet; that the defendant has not paid for said driving, nor any part thereof. The answer denies every allegation of the complaint, not expressly admitted, admits that on March 4, 1872, the parties entered into a contract for the driving, by plaintiff, of the logs mentioned in the complaint, at the price therein stated, alleges that the contract was to be entirely performed by plaintiff in the driving season, so called, of 1872, denies that plaintiff drove any of said logs into the boom in 1872, and alleges that on July 24, 1872, the plaintiff, having driven 378,538 feet of said logs a portion of the distance to the boom, refused, without excuse, to drive them farther, and never at any time drove them into the boom. The answer admits that, during the driving season of 1873, the plaintiff drove the balance of said logs, to wit, 844,441 feet, and no more, from said Mike Drew Brook into the Anoka Boom, and that such driving was reasonably worth the price per thousand feet named in the contract.

At the trial in the district court for Hennepin county, before *Vanderburgh*, J., the plaintiff introduced in evidence a written contract, signed by both parties, by which the plaintiff agreed to drive all logs of the defendant, banked on Mike Drew Brook, from the Mike Drew Brook to the Anoka Boom, at the rate of one dollar and twenty cents per thousand feet, payable in instalments, the last instalment being payable when the logs were in the boom. The contract further provided that the defendant might put two men of their own selection upon the drive. It was silent as to the time within which the logs should be driven. The plain-

tiff also introduced oral evidence tending to prove performance on his part, and that the logs mentioned in the complaint were driven under the written contract. There was no evidence of any other contract between the parties. At the close of plaintiff's case, the defendant moved that the action be dismissed for failure of the complaint to state a cause of action, and for failure of the plaintiff to prove the cause of action alleged in the complaint. The motion was denied, and defendant excepted. The defendant then introduced evidence tending to prove that plaintiff had not performed the contract, and had never driven into the boom the logs alleged in the complaint to have been driven in 1872 ; but that, having driven them part of the distance, he had abandoned the contract and refused to perform it. The court charged the jury as stated in the opinion, and the defendant excepted. A verdict was rendered for the plaintiff, for the full amount claimed by him, a motion for a new trial was denied, and the defendant appealed.

*U. L. Lamprey,* for appellant. 1. If any contract at all is set forth in the complaint, it is an entire contract, and the contract introduced in evidence is an entirety. *Milner* v. *Norris,* 13 Minn. 455. Yet the complaint does not allege that the plaintiff drove all of the logs, or in any way allege that plaintiff has performed his contract. 2. The contract in evidence differs materially from that set up in the complaint ; and even if the variance be not material, the plaintiff must amend his complaint before he can recover. 3. The court erred in the charge ; for the answer, instead of admitting that plaintiff drove the logs, driven in 1873, under the contract, expressly denies it. The admission in the answer, that defendant is indebted to plaintiff for what his services were reasonably worth, does not entitle plaintiff to a verdict, under a complaint on an express contract. The suit should be on a *quantum meruit.* *Mackubin* v. *Clarkson,* 5 Minn. 247 ; *Marcotte* v. *Beaupre* 15 Minn. 152.

*D. A. Secombe,* for respondent.

BERRY, J. The contract to drive the logs being entire,

the complaint, which alleges that plaintiff agreed to drive " certain logs," was defective in not alleging in some way that plaintiff had driven all of said logs, instead of merely alleging that he had driven certain named quantities, without stating whether such quantities were all the logs contracted to be driven, or not. But as no objection was taken to the complaint until after answer, and as the answer expressly admits that the quantities mentioned in the complaint embraced all the logs agreed to be driven, this defect of the complaint must be disregarded. 1 Ch. Pl. 672 ; *Bennett* v. *Phelps*, 12 Minn. 326 ; *Shartle* v. *Minneapolis*, 17 Minn. 308.

The contract received in evidence proved the contract alleged in the complaint.

It was only necessary that the complaint should state " those parts of the contract whereof a breach is complained of, or, in other words, to show so much of the terms beneficial to the plaintiff in a contract, as constitutes the point, for a failure of which he sues ; and it is not necessary or proper to set out in the declaration other parts, not qualifying or varying in any respect the material parts above mentioned." 1 Ch. Pl. 304. That is to say, it is not necessary that a complaint, whether upon a special contract or otherwise, should set out any facts, except such as are material to the cause of action. Upon these principles, the fact that the contract, as proved, contains some provisions which are not material to the plaintiff's cause of action, and which are not noticed in his complaint, does not present a case of variance.

The contract introduced in evidence was a contract by plaintiff to drive certain specified logs for defendant, at $1.20 per thousand feet. The answer denied that the logs were driven according to contract, claiming that they should have been driven in 1872 ; but admitted that a part of them, 844,441 feet, were driven in 1873, and that the driving thereof was worth $1.20 per thousand feet. " The court charged the jury that the contract introduced in evidence, as aforesaid, is an entirety,    *    *    and the plaintiff, in order

to recover anything under it, would have to prove, save as admitted in the answer, that he had entirely performed the contract in this action; but that plaintiff was entitled to a verdict for driving the 844,441 feet of logs driven in 1873, at the rate of $1.20 per thousand feet, and interest, by reason of the express admission in the answer; and that they must find for the plaintiff to that amount, in any event.'' The jury brought in a verdict for the plaintiff for the whole amount claimed by him; that is, for driving all the logs contracted to be driven, and at the contract price, viz: 1,222,-979 feet, at $1.20 per thousand feet.

Now, under the instruction of the court, the jury could not properly have found a verdict for the plaintiff, for driving 378,538 feet, being 1,222,979 feet, less 844,441 feet, unless upon the basis that plaintiff had entirely performed his contract; for there is no claim or pretence or admission that, as to the 378,538 feet, the plaintiff was entitled to recover, except under the contract. As the verdict could not, therefore, properly, and in accordance with the instruction of the court, have been arrived at, except upon this basis, it is to be presumed, in its support, that it was in fact arrived at in this way. If we are correct in this opinion, it follows that the latter branch of the instructions, relating to the effect of defendant's admission in the answer, whether right or wrong, was not practically injurious to the defendant, since, having found an entire performance under the contract, the jury had no occasion to apply it to this case. See *Pence* v. *Gale*, 20 Minn. 257.

Order denying a new trial affirmed.