STEPHEN WARNER vs. M. L. LOCKERBY.

May 16, 1881.

Complaint cured by Answer.—Complaint in this case held sufficient. If the answer avers or confesses a material fact, omitted in the complaint, the defect in the complaint is thereby cured.

Entry of Judgment and Appeal by Defeated Party.—The defeated party may cause judgment to be entered upon the verdict, and then appeal from the judgment. The fact, that the judgment was entered on his motion, does not estop him from appealing from the judgment.

Appeal by plaintiff from a judgment of the district court for Blue Earth county, where the action was tried by Cox, J., acting for the judge of the 6th district.

P. A. Foster and Brown & Wiswell, for appellant.

Daniel Buck, for respondent.

MITCHELL, J.* This was an action for slander. The complaint is that, at a certain time and place, "defendant, in the presence and hearing of Clement Schroeder and a number of other persons, mali-

*Cornell, J., owing to illness, took no part in this case.

ciously spoke, of and concerning the plaintiff herein, the false and defamatory words following: 'You had better go and pay for that overcoat you stole;' whereby the plaintiff was injured," etc. The answer contains a general denial, and then, in mitigation of damages, alleges that, at the time and place alleged in the complaint, the plaintiff and defendant met, and plaintiff addressed to defendant certain insulting and provoking language, and that whatever was then and there said by defendant to plaintiff was said in the heat of passion produced by the misconduct of plaintiff. Upon the trial, plaintiff produced Schroeder as a witness, and offered to prove by him the speaking to the plaintiff by defendant, at the time and place alleged in the complaint, in the presence and hearing of the witness, of the supposed defamatory words alleged in the complaint. This evidence was by the court, upon defendant's objection, excluded, and plaintiff duly excepted; and, the plaintiff having offered no other evidence, the court directed a verdict for defendant. Defendant, having failed to enter judgment on this verdict, the plaintiff himself caused judgment to be entered in accordance with the verdict, and from that judgment appeals to this court.

The respondent makes the point that the appellant, having himself caused the judgment to be entered, is estopped from appealing from such judgment. There is nothing in this point. Either party may cause judgment to be entered in accordance with the verdict. The defeated party may cause this to be done so that he may be placed in position to take his appeal.

The only other question to be considered is, whether the court erred in excluding the evidence offered by plaintiff to prove the allegations of the complaint. It is unnecessary to consider, in detail, the objections made by defendant to the admission of this evidence. The offer of plaintiff was simply to prove the allegations of his complaint. There could be but one ground on which such evidence could be properly excluded, and that is the insufficiency of the complaint. To exclude it on any other ground, under the circumstances, would necessarily be error. It, therefore, is only necessary to consider whether the complaint, on its face, states a cause of action. We think it does.

The material allegations in a complaint for slander, where the words are on their face slanderous *per se*, as in this case, and in the English language, are (1) that defendant, with malice or wrongfully, (2) spoke, in the presence and hearing of others, (3) of and concerning the plaintiff, (4) these false words, (setting out the words spoken.) We fail to see why this complaint does not come up to this standard, and, if it does, we think it good. We see no ground for the assumption, that the complaint alleges words spoken in the third person, when they are expressly stated in the second person. Neither do we know of any rule which requires the pleader to allege to whom the slanderous words were addressed. He is required to allege that they were spoken of and concerning the plaintiff, and in the presence and hearing of others. If the words were addressed to a third party, the pleader would not be required to state to what person they were addressed, and we fail to see why a different rule of pleading should obtain, where the words are addressed to the plaintiff in the presence of third persons. But, if it be necessary to allege to whom the words were addressed, it would seem that the fact that the words are in the second person, coupled with the allegation that they were spoken of and concerning the plaintiff, necessarily implies that the words were addressed to the plaintiff. Any layman, on reading this complaint, would so understand it, and, judging from his answer, the defendant himself so understood it.

But, even if the complaint is defective in this respect, the allegations of the answer would cure it. The answer admits that plaintiff and defendant *met*, at the time and place alleged in the complaint; that plaintiff addressed to him then and there certain abusive words; and that whatever was said by him to plaintiff then and there was spoken in the heat of passion. This, in substance, is repeated more than once in the answer. Taking the whole answer together, it clearly indicates, and in substance alleges, that whatever language was used by defendant, on the occasion referred to, was addressed to plaintiff. It is a settled rule of pleading that if essential averments are omitted in the complaint, but are supplied by the answer, the defect in the complaint is cured. *Bennett* v. *Phelps*, 12 Minn. 326;

*Shartle* v. *City of Minneapolis,* 17 Minn. 308; *Rollins* v. *St. Paul Lumber Co.,* 21 Minn. 5. We are, therefore, of opinion that the court below erred in excluding the evidence offered by plaintiff to sustain the allegations of his complaint.

Judgment reversed, and new trial ordered.