[Civil No. 2875.  Filed March 24, 1930.]

[286 Pac. 180.]

L. C. JAMES MOTOR COMPANY, a Corporation, Appellant, v. HELEN M. WETMORE and R. A. WETMORE, Appellees.

Mr. John B. Wright, for Appellant.

Mr. George O. Hilzinger, for Appellees.

ROSS, J.—This is an action by Helen M. Wetmore for damages based upon fraud and deceit claimed to have been practiced upon her by the defendant motor company in selling her a two-ton Graham Brothers truck for $2,317.84. The allegations of fraud are, in effect, that plaintiff Helen M. Wetmore on November 1, 1926, contemplated buying an automobile truck that "would draw and pull a certain well drilling outfit" then owned by her and her husband, R. A. Wetmore; that they applied to defendant to buy a Graham Brothers two-ton truck, stating the purpose for which it was to be used; that defendant's general manager, one L. C. James, represented defendant in the negotiations and "was familiar with the weight and size of a certain well-drilling outfit used and operated by one Carl Pistor and so informed them to this effect and said plaintiffs informed him that their drilling outfit was not any larger or heavier than that of said Pistor"; that, to effect the sale to plaintiff Helen M. Wetmore, said James fraudulently and falsely represented to her "that said truck would pull and draw and haul a well-drilling machine, rig and outfit, of the size and weight of the said drilling outfit operated by said Carl Pistor, on and over the country and other roads about Tucson"; and that it had more than sufficient traction power to easily move said outfit; that plaintiff Helen M. Wetmore believed said representations and by reason of such belief purchased said truck; that defendant knew the representations as to the ability of the truck were untrue and made them to induce her to buy it; that she tried to move and haul the drilling outfit belonging to plaintiffs with the truck so purchased over and upon the roads about the said city of Tucson, and that it utterly failed to move, haul, or pull said machinery.

The answer was a denial of all the allegations of the complaint except those of the sale, the price to be paid, and the delivery of the truck to plaintiff.

The jury returned a verdict for plaintiff in the sum of $817, upon which judgment was entered. Defendant filed a motion for a new trial which was granted "as to the issues of damages only." The appeal is from the latter order. Plaintiff makes the point that such an order is not made appealable by the statute providing for appeals. Under paragraph 1227 of the Civil Code of 1913 (section 3659, Rev. Code 1928):

"An appeal may be taken to the supreme court from a superior court in the following cases: . . .

"(2) From an order granting or refusing a new trial. . . ."

Plaintiff contends that the order refusing a new trial must be entire and not partial before the aggrieved party can appeal. We think an order refusing a new trial in part and granting it in part falls within the terms and intent of the above statute. To the extent of the refusal it is a denial of a new trial, and in this case of the vital question of liability. The statute authorizing the court to make such an order characterizes the relief as "a new trial of the question or questions with respect to which the verdict or decision is found to be wrong." Paragraph 597, Civ. Code 1913 (sec. 3852, Rev. Code of 1928). Conversely, a denial of such relief as to certain of the questions in issue is a refusal of a new trial and entitles the aggrieved party to an appeal from such order. The question or questions excluded from the order for a new trial, even though erroneously determined by the verdict or decision, if unreversed, would become the law of the case and might as injuriously affect the rights of the defendant as if its motion had been denied as an entirety.

Defendant says the court erred in not granting its motion for an instructed verdict at the close of the case for a failure of proof of fraud, for variance between the allegations and proof, and for failure to prove scienter.

The action of the court in refusing to instruct a verdict must be upheld, unless there was a lack of substantial evidence to support the allegations of fraud and deceit as averred in the complaint. The essentials of a cause of action based on the tort of fraud and deceit are well stated in *Hexter* v. *Bast*, 125 Pa. 52, 11 Am. St. Rep. 874, 17 Atl. 252, 253, as follows:

"The general rule is that to support an action of 'deceit,' properly so called, it must appear that the fraudulent representation complained of was untrue; that the defendant knew, or ought to have known, at the time it was made that it was untrue; that it was calculated to induce the plaintiff to act upon it; and that, believing it to be true, he was induced to act accordingly. *Cox* v. *Highley*, 100 Pa. 249. As a general rule, the statement must be both false and fraudulent; but if a person take upon himself to state, as true, that of which he is wholly ignorant, he will, if it be false, incur the same legal responsibility as if he had made the statement with knowledge of its falsity. The fraud consists in representing that he knows that of which he in fact is consciously ignorant. So, too, if a person is thrown off his guard, and deceived by a false and fraudulent warranty, it is sufficient to prove the warranty broken to establish the deceit (2 Add. Torts, § 1181;) for one will be presumed to know of the existence or non-existence of a fact which he undertakes to warrant."

There is much evidence to the effect that the statements of the ability of the truck to handle the drilling outfit of plaintiffs were made by the defendant's agent, and there is much to the contrary. Defendant claims the evidence is that plaintiffs' drilling

outfit is heavier than the Pistor drilling outfit, and that the proof in that respect does not support and is at variance with the allegations. Although there is evidence to that effect, R. A. Wetmore, who was familiar with both outfits, testified that they each weighed approximately nine thousand pounds. It is also contended that there was no evidence that the defendant's agent knew that his statement as to the ability of the Graham truck to pull and haul plaintiffs' drilling outfit was not true, and without such knowledge, it is said, there was no deceit. The agent of defendant must have known when he made it that his statement as to the ability of the truck was false, or he must have made such statement recklessly and without any knowledge as to whether it was true or not.

The evidence is undisputed that the truck sold to plaintiffs would and did move the Pistor outfit over the roads of Tucson and surrounding country without much effort. It is also undisputed that it would not move from place to place over the same roads and country the plaintiffs' outfit. The Pistor outfit had done some well drilling for James, and he was familiar with it. He might, therefore, well have assured plaintiffs that the truck would handle their outfit, upon their statement, as alleged in the complaint, that it was of the size and weight of the Pistor outfit, without intending to deceive or defraud; and under such circumstances it could not be reasonably said that his statement was recklessly made. There is evidence that factors other than size and weight may have made the plaintiffs' outfit more difficult to handle. These were that the front and back wheels of the Pistor outfit were the same size and ball bearing, whereas the back and front wheels of plaintiffs' outfit were of different widths and on steel axles. If these distinguishing differences had been told to James, and he, notwithstanding, had

represented that the truck would handle the plaintiffs' outfit, it could reasonably be said that such representation was made recklessly and in disregard of the truth. That such statements to be actionable must be made with knowledge of their untruth or recklessly made without regard to their truth seems well settled. 24 R. C. L. 344, § 635. If the two machines had been alike in weight and size and mechanism, it is evident that the truck would have moved the one as well as the other. It is likewise obvious that when James assured the plaintiffs that the truck would handle their outfit he had in mind that they were of similar mechanism as well as about the same size and weight. That his assurances were not true is conclusive. It was demonstrated by actual test of the two drilling outfits. James might have been mistaken because of unknown factors. It is said:

"To constitute fraud there must be an intent to deceive, and there is no intent in mistake. The distinguishing characteristic of mistake is want of intent." *Palmberg* v. *City of Astoria,* 112 Or. 353, 228 Pac. 107, 112, 229 Pac. 380.

Since the evidence is not clear as to the effect of the difference in their mechanism on the mobility of the two outfits, we cannot say that the court erred in denying the motion for an instructed verdict.

Whether under all the circumstances the statement by defendant's agent that the truck would pull plaintiffs' drilling outfit was recklessly made for the purpose of deceiving and defrauding plaintiff Helen M. Wetmore was, we think, a question for the jury. 27 C. J. 75, §§ 213 and 214.

In investigating these questions it was necessary that we examine the evidence claimed by the defendant to support its contentions. While defendant's brief makes many statements as to what the evidence is and in places quotes it *verbatim,* there is a failure

correctly and properly to indicate where in the reporter's transcript of the testimony such evidence may be found. Likewise, the reporter's transcript has no index. These omissions in the brief and the transcript are violations of the rules of this court. The testimony, whether in the form of an abstract or reporter's transcript, should be indexed, subdivision 2, Rule IV, Rules of Supreme Court; and the brief when discussing the evidence should give the page where it may be found. See (a) of subdivision 2, Rule VII, Id. The observance of these rules will accommodate and very materially assist the court in its labors.

It is also said that, because only nominal damages were proved, a verdict should have been directed, but whether this statement is in accordance with the evidence or not, since a new trial was granted on that issue, the defendant, at least as to such issue, must be satisfied.

It is also suggested that, since the sale contract was in writing, the evidence of fraud and deceit alleged to have been practiced contemporaneously violates the parol evidence rule. This, of course, is not the law, and, if it were, we are not informed by defendant of any objection to the evidence upon that ground.

It is also argued that the representations charged and proved showed a breach of warranty, if anything, and that therefore the action should have been on the contract and not for tort. The law is that an action for deceit and an action on a false warranty are concurrent remedies. 24 R. C. L. 237, § 512.

Finally, the order limiting the new trial to the issue of damages only is assigned as error. As above indicated, the evidence on the issue of liability was conflicting. Liability was vigorously contested by defendant and much evidence tending to support its contention was introduced, and some of the evidence

to the contrary was not entirely satisfactory. In construing our statute permitting the court to grant a new trial of questions wrongly decided while denying a new trial of all other questions, when they are separable, in *Southern Pacific Co.* v. *Gastelum, ante,* p. 106, 283 Pac. 719, 725, we said:

"When liability is conceded or the evidence relative thereto undisputed, it is, of course, clear that the question of damages is separable and can be determined alone without injustice to the other party. The rule which should govern the granting of a retrial of the issue of damages alone is as well stated in *Waucantuck Mills* v. *Magee Carpet Co.,* 225 Mass. 31, 113 N. E. 573, 574, as any we have found. There the court says: 'It is only when the reason for setting aside the verdict relates solely to damages disassociated from every other contributing, related or vitiating cause that "the new trial shall be limited to the question of the amount of damages alone." ' "

We think under the rule here announced the order confining the new trial to the issue of damages only was erroneous, and that the ruling thereon should be vacated and set aside and a new trial of the whole case granted. It is accordingly so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.