[Civ. No. 3374.   Filed May 4, 1934.]

[32 Pac. (2d) 340.]

JOSIE DAVIS and L. T. DAVIS, Appellants, v. R. E. WHITMORE, Appellee.

Mr. J. Fred Hoover, for Appellants.

Mr. A. J. Eddy, for Appellee.

LOCKWOOD, J. — R. E. Whitmore, hereinafter called plaintiff, brought suit against Josie Davis and

L. T. Davis, her husband, hereinafter called defendants, for damages for personal injuries alleged to have been received as the result of the negligence of defendant Josie Davis while she was driving an automobile. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $1. Thereafter plaintiff moved for judgment on the verdict, which was duly rendered on March 6th, and immediately thereafter he filed a motion for a new trial, which reads as follows:

"Comes now the plaintiff above named and moves the court that the verdict and judgment herein be vacated and set aside as to the damages allowed and a new trial granted the plaintiff upon the measure of damages for the following causes materially affecting plaintiff's rights, to-wit:

"Insufficient damages appearing to have been given under the influence of passion and prejudice.

"This motion is based upon the records in the case and upon evidence is to be adduced at the hearing."

The matter was considered by the court, and on March 25th it was ordered that a new trial be granted upon all the issues of the case. Thereafter, and on April 13th, defendants appealed from the order granting the new trial.

The only assignment of error is that the court erred in granting the new trial, but several points are urged in support of the assignment, which we shall consider in their logical order rather than in that presented by the briefs.

The first is that since plaintiff moved for judgment on the verdict, he was in no position to ask for a new trial. We think this claim is untenable. Under the practice in this state a motion for new trial cannot be presented until after the rendition of judgment. If, therefore, a plaintiff is dissatisfied with a verdict in his favor, and defendant fails to move for a judgment thereon, the plaintiff must do so before he can

present a motion for new trial. It is universally held that the fact, standing alone, that an appellant has moved for judgment on a verdict, does not deny him the right to an appeal. As was said in *Carlson* v. *Benton,* 66 Neb. 486, 92 N. W. 600, 602, 1 Ann. Cas. 159:

" . . . He had a right to a hearing in the court of last resort. A final judgment was necessary to that end. It would be a mockery of justice to deny him a hearing in this court because he asked the trial court to do that without which he could not obtain such hearing."

See, also, *Avery* v. *Peterson,* 39 S. D. 144, 163 N. W. 677; *Warner* v. *Lockerby,* 28 Minn. 28, 8 N. W. 879; *Farne* v. *Pennslyvania Lighting Co.,* 275 Pa. 444, 119 Atl. 537; *Smith* v. *Dittman,* 16 Daly 427, 11 N. Y. Supp. 769. We think the same principle obviously applies to a motion for new trial under our practice. Plaintiff was entitled to present his motion for a new trial notwithstanding the judgment had been rendered at his request.

We consider next whether the court was justified in granting a new trial on all the issues, when the motion only requested it on the issue of damages. We think this is determined by the case of *Southern Pacific Co.* v. *Gastelum,* 36 Ariz. 106, 283 Pac. 719, 725. In that case a verdict was rendered in favor of plaintiff in the sum of $1,500, but, feeling this was inadequate, after judgment was rendered he moved for a new trial on the issue of the amount of damages only, and the court granted a new trial on that issue alone. The case was brought before us, and we held that on the entire record a new trial should have been granted on all the issues and so ordered. Therein, after reviewing the evidence and pointing out that the amount of the verdict, when compared with the injuries admittedly suffered by plaintiff,

was such that the only inference therefrom was that certain of the jurors believed there was no liability at all, but consented to a smaller verdict than those jurors convinced of liability desired to return, in order that a verdict might be reached, we said:

"The court should never permit a party to an action to select for retrial the issues decided against him and upon the rehearing treat those decided in his favor as settled, when the issues are interwoven and cannot be separated without injustice to the other party. As said by the court in *Murray* v. *Krenz,* 94 Conn. 503, 109 Atl. 859, 861:

" 'The practical difficulty of a rehearing before a new jury, for example, of the issue of damages while retaining the decision of the first jury upon the issue of liability is apparent. Usually these issues will be inextricably interwoven.

" 'If the verdict be a compromise one—that is, one where some of the jurors have conceded liability against their judgment, and some have reduced their estimate of the damages in order to secure an agreement of liability with their fellow jurors—a new trial confined to the single issue of damages will be a serious injustice to the defendant. He has never had the issue of liability determined by the conscientious conviction of all of the jury. And that he is entitled to have.' "

Upon an examination of the evidence in this case, it is obvious that in case defendants were liable at all, the sum of $1 would be grossly inadequate as compensation for the injuries suffered by plaintiff. To the unprejudiced observer it would appear at least probable that many, if not most, of the jurors felt that plaintiff was not entitled to recover, but gave him a nominal verdict in order that he might not be compelled to stand the cost of the action in addition to the medical expenses made necessary by his injury. Such being the case, we think, as stated in the Gastelum case, that the issues are interwoven and

cannot be separated without injustice, and that the trial court was clearly correct in granting a new trial upon all the issues of the case.

It is also urged that the judgment, though nominally for plaintiff, was in effect a judgment for the defendants, on account of the amount, and that for this reason the motion for a new trial should have been denied *in toto*. The granting of a new trial is to a great extent discretionary with the trial court, and we think the record does not show affirmatively that this discretion was abused.

For the foregoing reasons the order of the superior court of Yuma county is affirmed.

ROSS, C. J., and McALISTER, J., concur.