[Civil No. 3679. Filed February 17, 1936.]

[54 Pac. (2d) 999.]

F. E. PERRY, Appellant, v. RAYMOND R. FARMER, Appellee.

Mr. J. Fred Hoover, for Appellant.

Mr. Hugo B. Farmer, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Yuma county against F. E. Perry, hereinafter called defendant, and in favor of Raymond R. Farmer, hereinafter called plaintiff, for the sum of $210, rent due from defendant to plaintiff, and enjoining defendant from removing from the premises of plaintiff certain gasoline tanks, electric pumps and an air compressor until the payment of said judgment.

The complaint alleges that between January, 1931, and January, 1934, defendant was in possession of certain premises belonging to plaintiff, under a written lease by the terms of which defendant was to pay a fixed rental, and that upon the termination of the lease, if the rent had been fully paid, he might remove from the premises any equipment that he had placed thereon. It then states that the defendant had paid all of the rent due except the sum of $215, but had wholly neglected and failed to pay such sum, notwithstanding which he was about to remove from the premises certain tanks, pumps and an air compressor which he had placed thereon during the term of the lease.

Defendant answered, admitting the lease set up by plaintiff and his possession thereunder, and that he had not paid the full amount of rent stipulated therein, but contended that by a later oral agreement between the parties the rent had been reduced, and that he had paid to plaintiff the full amount due under such oral agreement, and that plaintiff had accepted the same during the full period of the lease, and that, after the lease had terminated, with the rent fully paid according to the terms of the modifying oral agreement, defendant did desire to remove

from the premises the equipment which he had placed thereon, but was prevented by plaintiff from so doing.

The case came on for trial before the court sitting without a jury. The lease was introduced in evidence, and plaintiff testified that defendant had not paid all of the rent due thereunder; there being $215 still due. Counsel for defendant then attempted to cross-examine plaintiff in regard to the alleged reduction of rent, whereupon objection was made; it being contended by plaintiff that an agreement to reduce the rent stipulated for in a written lease was not valid unless there was some new consideration therefor. Counsel for defendant did not question this general rule, but urged that, inasmuch as a new agreement had been made and the rent, according to its terms, had been paid by the tenant and accepted by the landlord in full satisfaction of all rent due under the lease, it then became an executed instead of an executory contract, no consideration was necessary to support it, and the landlord could not recover for the difference between the rent which had been paid under the oral agreement and that provided for by the original lease. The court, after considerable discussion, said:

"I am going to. sustain the objection that your pleadings are insufficient; that you have set up no consideration for the new agreement. In the absence of consideration it can't be shown."

Counsel for defendant then asked permission to make a trial amendment, showing that the rent was reduced by mutual agreement and that the contract was executed. The court denied the amendment on the ground that, unless it showed a valid consideration for the new agreement, it would be immaterial, and sustained objections made to any further questions in regard to the alleged agreement for a reduc-

tion of the rent and payment thereunder, and rendered judgment as above set forth.

There can be no doubt that the general rule is that a person is under no legal obligation to perform a gratuitous promise and a new agreement supplementing or modifying an executory contract is, in legal contemplation, an independent contract requiring for its validity all the elements of a contract, including a proper consideration. Nor can this consideration be something which a party is already bound to do. *Pleasant et al.* v. *Arizona Storage & Distributing Co.*, 34 Ariz. 68, 267 Pac. 794. Following this rule, it is held practically universally that any agreement between landlord and tenant substantially modifying the terms of the tenancy cannot be enforced by either party, unless there is a valid consideration therefor. In the present case, the tenant was obligated to pay the amount of rent fixed by the terms of the written lease. There is no contention that the reduction therein, which he claims the parties agreed to, had any valid legal consideration therefor. Such being the case, in a suit by a landlord to recover unpaid rent, an agreement to accept a lesser amount than that stipulated by the original lease could not be offered in defense of the action for the rent. *Torrey* v. *Adams*, 254 Mass. 22, 149 N. E. 618, 43 A. L. R. 1447, and note. There is, however, an exception to this general rule which is almost as well recognized as the rule itself. If the modifying agreement has been fully executed or partially executed on both sides, neither party can repudiate that part which has been executed on the ground that there is no consideration therefor. One of the best and most fully considered cases on this subject is that of *Julian* v. *Gold*, 214 Cal. 74, 3 Pac. (2d) 1009, 1011. Therein the court, after discussing and approving the general

rule that a consideration was required for an executory contract reducing the rent stipulated for in a lease, held that, if the reduced amount agreed to had been paid by the tenant and accepted by the landlord in full settlement of the rent, the question of consideration was immaterial, and the landlord could not repudiate the agreement and recover rent under the terms of the original lease. It cited many cases, among them that of *Brackett Co.* v. *Lofgren,* 140 Minn. 52, 167 N. W. 274, L. R. A. 1918F 998, and quoted from the latter case as follows:

"There it was held that where the parties to a five-year lease agreed to reduce the rent and month after month for two years the lessee paid and the lessor receipted for rent at the reduced rate, the lessor could not thereafter recover the amount rebated. The court said: 'This much is clear. The rule (referring to the general rule) must not be applied to a case where parties to a contract, still executory, agree to reduce the consideration and thereafter both sides execute the contract as modified. After an agreement has been fully executed on both sides the question of consideration becomes immaterial. A pure gift, fully executed, is valid. [Citing cases.] This lease was executory at the time the agreement to reduce the rent was made. The parties saw fit to execute it on both sides in accordance with the modified terms, for the period in controversy. To the extent that it was so executed, it became a closed incident, and the amount rebated cannot now be recovered. This position is sustained by reason and authority. [Citing many cases.]' "

The case of *Julian* v. *Gold, supra,* is of particular interest because the Supreme Court of California had apparently, in its previous decisions, taken a contrary stand. It reviewed, in the case cited, all of these previous decisions, and held that any expression therein requiring a consideration for an executed agreement to reduce the rent was *obiter* and not bind-

ing on the court. A full discussion of both the general rule and the exception thereto, with the citation of numerous authorities, appears in 43 A. L. R., page 1451 et seq. We think it is unnecessary to cite these authorities or quote from them more fully. It is sufficient to say that we are impressed that the rule laid down in *Julian* v. *Gold, supra,* is the correct one, and that, when a landlord has agreed to accept a lesser rent than that stipulated in the lease and has accepted it as full payment for any period of time, he cannot thereafter claim that the rent has not been fully paid for such period of time, nor recover the difference between the rent so paid and the rent stipulated for in the lease. Such being the case, the learned trial judge erred in refusing to permit defendant to show the agreement to accept the lesser amount and that the amount so stipulated had been paid by him and accepted by the principal in full payment of the rent. And if the defendant had fully paid the rent which was due for his occupancy of the premises in question, he was undoubtedly entitled to remove the equipment which he had placed thereon, so long as he could do so without any damage to the superstructures upon the premises.

The judgment of the superior court of Yuma county is reversed and the case remanded for a new trial, in accordance with the principles set forth herein.

McALISTER and ROSS, JJ., concur.