[Civil No. 3707.   Filed April 12, 1937.]

[66 Pac. (2d) 1043.]

OWEN E. REAY, FLOYD CARRICO and FLORA CARRICO, His Wife, Appellants, v. ALBERTA BEASLEY, the Natural Mother of MARVIN ALTON WARREN, Deceased, Appellee.

Mr. Robert DeWolf and Herman Lewkowitz, for Appellants.

(No appearance for Appellee.)

ROSS, J.—Owen E. Reay's automobile, driven by him, and Floyd and Flora Carrico's automobile, driven by Floyd Carrico, collided at the intersection of Meadow Brook and Twelfth Street Highways, in Maricopa county, and Marvin Alton Warren, who was riding in Reay's automobile as an invited guest, was injured so that he thereafter died.  His mother, Alberta Beasley, brought this action against Reay and

the Carricos for damages to the estate of decedent, alleging such damages to be $25,000. After a trial of the issues the verdict was returned in favor of plaintiff and against defendants for the sum of $1. It was not a unanimous verdict, being signed by only nine of the twelve jurors. The plaintiff, although nominally successful, filed a motion for new trial on several grounds which later she amended omitting all grounds except the one for inadequacy of damages. The court ordered a new trial solely on the grounds of inadequacy.

The complaint alleged that both automobiles were being driven at an excessive speed and that both drivers were guilty of negligence. The defendants filed answers in which each charged the other with the negligence that caused the collision. They also filed general denials.

It is alleged in the complaint that the deceased was nineteen years of age, skilled in the arts and trades, able and capable of earning more than $5 a day, and that he was in good health with a life expectancy of sixty years. These allegations stand undenied.

The defendants have appealed from the order granting a new trial on the issue of damages. They do not complain of the order granting a new trial but of the limitation of the retrial to the one issue. We have not the evidence before us nor has the appellee appeared to resist the appeal. Ordinarily we would say that it would be impossible for this court to determine whether the order granting a new trial on the issue of damages only was correct or not in the absence of the evidence. Here, however, the issues are such that we think it may be determined therefrom and from the verdict whether the court was right in ordering a separate trial of the issue of damages. The appellants urge upon us that it was error. They insist that the verdict was not a full and fair expression of the jury

either as to liability or damages; that the refusal of three jurors to join in the verdict might be based on their conviction that the evidence showed no liability of the defendants, as well as on the ground that the damages were inadequate; that the nine who did sign the verdict must have entertained some serious doubt as to any liability and returned a $1 verdict for plaintiff only to save her the costs of the action.

■■ We believe under the rule announced by this and other courts a new trial of the issue of damages alone in personal injury actions should be ordered only when it is clearly disassociated from the other issues of the case. It is not enough that the issues of liability and damages may be separable. It should be quite clear that it will not give the one seeking the new trial of the issue of damages only an unjust and unfair advantage over his adversary. It would seem that when a verdict is for nominal damages when the admitted facts show that damages should be substantial if there is any liability, and when such verdict is by nine of the twelve jurors, three refusing to join in it, justice and fairness would require the retrial to be of the whole case. While we may assume in the absence of the evidence in support of the verdict that it showed the accident was the result of the joint negligence of the defendants, three of the jurors did not think so, or at least it cannot be said they refused to join in the verdict because it was not for enough damages. The verdict is only nominal. Just why the nine jurors joined in such a verdict we do not know. It would seem, however, that if they believed the defendants liable at all, they would have valued the life of decedent, admittedly young, healthy, and capable, as worth more than $1. The jurors must have entertained very serious doubts as to how the case should be decided, and this doubt presumably extended to both liability and the amount of damages.

What we have said in *Southern Pacific Company* v. *Gastelum*, 36 Ariz. 106, 125, 283 Pac. 719, 725, controls the facts here:

"The court should never permit a party to an action to select for retrial the issues decided against him and upon the rehearing treat those decided in his favor as settled, when the issues are interwoven and cannot be separated without injustice to the other party. As said by the court in *Murray* v. *Krenz*, 94 Conn. 503, 109 Atl. 859, 861:

" 'The practical difficulty of a rehearing before a new jury, for example, of the issue of damages while retaining the decision of the first jury upon the issue of liability is apparent. Usually these issues will be inextricably interwoven.

" 'If the verdict be a compromise one—that is, one where some of the jurors have conceded liability against their judgment, and some have reduced their estimate of the damages in order to secure an agreement of liability with their fellow jurors—a new trial confined to the single issue of damages will be a serious injustice to the defendant. He has never had the issue of liability determined by the conscientious conviction of all of the jury. And that he is entitled to have.' "

In *Davis* v. *Whitmore*, 43 Ariz. 454, 457, 32 Pac. (2d) 340, 342, the verdict for plaintiff in a personal injury action was for $1, and on his motion for a new trial on the issue of damages only a new trial of all the issues was ordered. In commenting on the verdict and the order granting the new trial, we said:

"To the unprejudiced observer it would appear at least probable that many, if not most, of the jurors felt that plaintiff was not entitled to recover, but gave him a nominal verdict in order that he might not be compelled to stand the cost of the action in addition to the medical expenses made necessary by his injury. Such being the case, we think, as stated in the Gastelum case, that the issues are interwoven and cannot be separated without injustice, and that the trial court was clearly correct in granting a new trial upon all

the issues of the case." See, also, *L. C. James Motor Co.* v. *Wetmore,* 36 Ariz. 382, 286 Pac. 180.

It must be that the nine jurors conceded liability against their judgment or else the verdict would have been for more than $1. Under such circumstances, it can hardly be said the issue of liability has been determined by the conscientious conviction of the nine jurors who signed the verdict, much less the twelve jurors sworn to try the case.

We think under the rule here announced the order confining the new trial to the issue of damages only was erroneous, and that the ruling thereon should be vacated and set aside and a new trial of the whole case granted. It is accordingly so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.