[Civil No. 4650.   Filed February 24, 1945.]

[156 Pac. (2d) 240.]

NICK KOVACOVICH, and MANDA KOVACOVICH, His Wife, Appellants, v. PHELPS DODGE CORPORATION, a Corporation, Appellee.

Messrs. Lewkowitz & Wein, for Appellants.

Messrs. Ellinwood & Ross, Mr. William A. Evans, and Mr. Joseph S. Jenckes, Jr., for Appellee.

LaPRADE, J.—Appellants, plaintiffs below, filed three separate complaints against appellee corporation, defendant below, seeking damages alleged to have been suffered on account of injuries to crops growing on appellants' land, and claiming to have been inflicted by smoke from smelters operated by the appellee. Each complaint pertained to alleged injuries and damages suffered in different years. A consolidation of the cases was ordered and they all went to trial to a jury.

During the trial, appellee admitted liability and damage in each case. The appellants contended that the amount of damages suffered by them was much larger than that conceded by appellee. Counsel for appellees moved for direct verdicts in favor of the appellants for certain amounts concededly due the appellants by reason of injuries suffered on account of the smoke emitted from the smelters of appellee. These motions were denied. Separate verdicts were returned in each case in favor of the appellants for $900, $1100, and $750, respectively. Judgments were entered on the verdicts. Thereafter, appellee filed identical motions

in each case. Appellee moved that the verdicts and judgments entered for appellants be set aside and that judgments be entered for appellants; in the first case for the sum of $69.19; in the second case for $73.08; and in the third case for $36.55. Appellee also moved the court, that in the event the motions for judgments were denied, then, for a new trial. The several motions to set aside the judgments and enter judgments in each case in accordance with the motions were denied. The trial court found that the verdict in each case was excessive, and ordered that new trials be granted to the appellee unless a *remittit damna* was filed in each case. Appellants declined to remit any part of the several judgments. Whereupon an order granting a new trial was entered in each case. From these several orders granting new trials, appellants have perfected this appeal.

Appellants' several assignments of error all go to the proposition that the court erred in granting a new trial on *all* of the issues raised by the pleadings and proofs instead of limiting the new trial to the question of damages, the liability of appellee having been admitted. This proposition presents the sole matter for determination.

It is the contention of appellants that in view of the admissions of appellee they should not be put to the burden of retrying the entire case (the trial lasted twelve days).

Our attention is directed to Section 21–1310, Arizona Code Annotated 1939, reading as follows:

"*New trial granted only as to error in judgment— Damages.*—When a new trial is granted it shall only be a new trial of the question in respect to which the verdict or decision is found to be erroneous if separable; because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand in all other respects."

We have heretofore had this section under consideration in the cases of *Reay* v. *Beasley,* 49 Ariz. 362, 66 Pac. (2d) 1043; *Davis* v. *Whitmore,* 43 Ariz. 454, 32 Pac. (2d) 340; *Southern Pacific Co.* v. *Gastelum,* 36 Ariz. 106, 283 Pac. 719; *Atchison, T. & Santa Fe Railroad Co.* v. *Gutierrez,* 30 Ariz. 491, 249 Pac. 66. In the *Gastelum case* [36 Ariz. 106, 283 Pac. 725], we held that:

"When liability is conceded or the evidence relative thereto undisputed, it is, of course, clear that the question of damages is separable and can be determined alone without injustice to the other party."

It is the contention of appellee that the "entire case" consists of but one issue, e. g., "the nature and extent of smoke damage to appellant's crops," arguing that, in view of the holding of this court in *United Verde Extension Mining Co.* v. *Ralston,* 37 Ariz. 554, 296 Pac. 262, "the liability of a smelter operator for smoke damage is not predicated upon negligence, but upon the maintenance of a nuisance. That a nuisance exists, and that the operator of the smelter is liable therefor is proved by a showing of smelter smoke damage. Therefor, in making out a case for smelter smoke damage, we are not concerned with proving liability as a separate item." Appellee suggests that the items of proof necessary to make a case for smoke damage are:

  (1) Operation of smelter by defendant
  (2) Discharge of gas, smoke and sulphur dioxide
  (3) Ownership of farm by plaintiff
  (4) Deposition of smoke and gas upon farm
  (5) Smoke damage to crops
  (6) Financial loss caused by smoke damage to crops

Appellee in its answer admitted Items (1), (2), and (3). With reference to Items (4), (5), and (6), it contends that they all relate to the issue of damages from smelter smoke and are obviously interwoven and inseparable, and that "proof of damage by smelter

smoke proves appellee's liability therefor, the one inextricably tied to the other.''

We agree with the contention of appellee that proof of smoke damage to appellant's crops automatically fixes appellee's liability therefor. In the ordinary negligence case, proof of damage does not *ipso facto* establish negligence. This is not a case of. negligence. Appellee's liability arises by virtue of the fact that it maintains a nuisance. We have examined many cases upon the question under consideration here, namely, separability of issues of liability and damages as affecting the right of limited trial. For a collection of the cases see Annotation 98 A. L. R. 94. We have not had called to our attention nor have we been able to find a single case where we have, as here, that proof of damage automatically proves liability. We are not able to perceive, in view of appellee's admissions contained in the answers and motions at the trial, why appellants should on retrial be compelled to offer again evidence to prove Items (4) and (5).

(4) Deposition of smoke and gas upon farm

(5) Smoke damage to crops

It is admitted that there was smoke damage; consequently, there must have been deposition of smoke and gas.

We are of the opinion that the only question left for determination on a new trial is the amount of damages. There should be but one fair trial upon any issue, and parties ought not to be compelled to retry an issue that is not questioned but in fact admitted. We are satisfied that the holding herein falls squarely within the purview of Section 21–1310, *supra.*

Accordingly, the orders granting new trials are modified to limit the issues on retrial to the amount of damages alone.

STANFORD, C. J., and MORGAN, J., concur.