230 P.2d 512

**TOVREA EQUIPMENT CO. v. GOBBY et al.**

No. 5283.

Supreme Court of Arizona.

April 30, 1951.

Rehearing Denied May 15, 1951.

Evans, Hull, Kitchel & Jenckes, of Phœnix, for appellant.

Kenneth Biaett, of Glendale for appellee.

DE CONCINI, Justice.

Appellee Alan G. Gobby, doing business as Gobby Manufacturing Company, hereinafter referred to as plaintiff, brought suit against the Tovrea Equipment Company, defendant-appellant, on a contract under the terms of which the plaintiff was to manufacture and sell to the defendant a quantity of hay rakes. Defendant counterclaimed with an assertion that plaintiff had breached certain warranties concerning said rakes. In the lower court the jury returned a verdict in favor of plaintiff on his complaint and in favor of plaintiff on defendant's counterclaim; judgment was entered thereon. Defendant moved for a new trial on the grounds that the damages awarded to plaintiff were excessive and that the verdict and judgment were not justified by the evidence and were contrary to law. The court granted defendant's motion for a new trial, on the issue of damages only. Defendant appeals to this court from that part of the order which limits the retrial to the issue of damages.

The facts, taken in the light most favorable to plaintiff, are: In the year 1947, defendant purchased several Morrill side delivery hay rakes manufactured by plaintiff. In the fall of that year plaintiff and defendant entered into negotiations concerning the manufacture of a modified Morrill rake of lighter construction similar to those being manufactured by a California concern. The parties entered into a contract in December, 1947: plaintiff to manufacture and sell to defendant thirty such modified rakes to be delivered the following spring haying season. Defendant contends that during the above negotiations plaintiff made certain warranties concerning the quality of the rakes. After further modification in the manufacture of these rakes plaintiff delivered eleven of them to the defendant in March, 1948, for which defendant paid. Defendant contends that all of the eleven rakes were defective when delivered. Plaintiff then proceeded to make

certain changes and adjustments on the rakes to satisfy the defendant and those customers who had purchased same. On June 24, 1948, defendant, by letter informed plaintiff that because the rakes were unsatisfactory, it would neither accept nor pay for the remaining nineteen. At that time defendant offered to return seven of the rakes delivered by the plaintiff which defendant had not resold. Plaintiff refused to accept the defendant's repudiation of the contract and brought suit thereon in the lower court. From the judgment entered therein, defendant appeals.

Defendant, in its assignment of error, urges two propositions. The first is that where it appears from the evidence that the verdict as to the issue of liability is not justified by the evidence or is contrary to law, a new trial must be granted as to such issue. The second is that where the damages awarded by a verdict of the jury are so excessive as to warrant the conclusion that it was the result of passion or prejudice, or where there is a substantial dispute as to the question of liability, or where the issue as to damages and the issue as to liability are inseparable, or where the trial of the issue of damages disassociated from that of liability will not be fair to defendant, the court must, upon showing that the damages awarded are not supported by the evidence, grant a new trial as to all the issues of the case.

We need only consider the second proposition. Plaintiff alleged as a basis for his actual damages the difference between the amount paid for the eleven rakes delivered to defendant and the amount due under the contract. Defendant alleged a modification of the contract price to that which was actually paid. By the court's instructions the issue as to defendant's liability to plaintiff for the difference between the original contract price of the rakes purchased and the price paid was eliminated. The court's ruling was based on the decision of this court in Perry v. Farmer, 1936, 47 Ariz. 185, 54 P.2d 999, to the effect that where a contract has been modified, the modification will be given effect to the extent that it has been executed, even though the modification is lacking in consideration. The court further instructed the jury as follows: " * * * Now, if you find from the evidence that the defendant wrongfully refused to accept and pay for the rakes which had not been delivered under the contract between the plaintiff and the defendant, and if you find that there was a valuable market for said rakes, then the plaintiff would be entitled to recover damages, if there be any, and the measure would be of the plaintiff's damages, in that event, the difference between the contract price $448.80, and the market or current price at the tme or times when the rakes ought to have been accepted." This instruction was based on section 52–753, A.C.A.1939. The contract price for the rakes was $448.80 each. The only evidence in the record as to the market or current price of the goods at the time of the repudi-

ation was the testimony of the plaintiff corroborated by that of one of defendant's witnesses that at such time the rakes were worth $425 each. If it be conceded that defendant was guilty of breach of contract the jury should not have found that plaintiff was damaged in an amount greater than $23.80 per rake or $452.20 for the nineteen rakes not accepted. In the lower court the jury returned a verdict for $6,000. Such a verdict was not in accord with the court's instruction as to the measure of damages and is grossly in excess of the damages which were established by the evidence. In the face of the evidence, it appears that the jury either was confused as to the issues in the case or was motivated by prejudice against the defendant.

In Rio Grande Oil Co. v. Pankey, 1937, 50 Ariz. 529, 73 P.2d 707, 711, this court ordered a new trial upon the ground of excessive damages. The court held: "The last proposition of law is that, where it appears from the record that damages have been awarded which are grossly in excess of the amount shown * * * by any reasonable theory of the evidence, it will be presumed that the verdict of the jury was actuated by passion and prejudice, and a new trial will be granted. The proposition of law as just stated is undoubtedly correct. Spain v. Griffith, 42 Ariz. 304, 25 P.2d 551." From the holding in the Pankey case, this defendant was entitled to a new trial on the ground that the verdict was grossly in excess of plaintiff's damages as disclosed by the evidence, and the trial court so ordered. The sole question here is whether the defendant is entitled to a new trial on all the issues raised by the pleadings or on the issue of damages alone.

The problem of the propriety of granting a new trial on the issue of damages alone is not a new one, and various solutions have been advanced. At the outset our pertinent statute, sec. 21–1310, A.C.A.1939, must be considered to wit: *"New trial granted only as to error in judgment— Damages.*—When a new trial is granted it shall only be a new trial of the question in respect to which the verdict or decision is found to be erroneous if separable; because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand in all other respects."

This court has considered this question on eight previous occasions. In four cases it deemed the issues separable and granted a new trial on the issue of damages only. In the other four cases it held that a trial on the issue of damages only would be prejudicial to one of the parties because the issues were not separable, and therefore remanded the cases to be tried de novo on all issues.

The first two cases were Durazo v. Ayers, 1920, 21 Ariz. 373, 188 P. 868; and Atchison T. & S. F. Ry. Co. v. Gutierrez, 1926, 30 Ariz. 491, 249 P. 66, in which the court granted a new trial on the issue of dam-

ages alone because it believed the issues were separable.

The next four cases were Southern Pacific Co. v. Gastelum, 1929, 36 Ariz. 106, 283 P. 719; L. C. James Motor Co. v. Wetmore, 1930, 36 Ariz. 382, 286 P. 180, 181; Davis v. Whitmore, 1937, 43 Ariz. 454, 32 P.2d 340; and Reay v. Beasley, 1937, 49 Ariz. 362, 66 P.2d 1043, in which the court refused to grant a new trial on the issue of damages alone. In three of the last mentioned cases the verdicts were grossly inadequate and the court reasoned that they may have been compromise verdicts. Taking that view, the court believed that the issue of liability had not been properly resolved and therefore ordered a new trial on all issues; holding in effect that the issues were inseparable.

In the L. C. James Motor Co. v. Wetmore case, supra, the defendant made a motion for a new trial which was granted "as to the issues of damages only." While the court did not say so, apparently the damages were excessive. A new trial was ordered on all issues on the ground that liability was vigorously contested and the issues were inseparable.

The last two cases on this point were Palmer v. Kelly, 1938, 52 Ariz. 98, 79 P.2d 344; and Kovacovich v. Phelps Dodge Co., 1945, 62 Ariz. 193, 156 P.2d 240, in which the court ordered a new trial on the issue of damages alone. In the Palmer case the plaintiff proved liability, but did not adequately prove his damages. In the Kova-

covich case the defendant admitted its liability.

While the decisions are somewhat in conflict the cases may be reconciled on the grounds that a new trial on the question of damages only will be granted when liability is not contested or has been clearly proved by the plaintiff so that the issues may be deemed separable; on the other hand when liability is contested and the issues are so inextricably entwined that a fair trial could not be given one of the parties on the issue of damages alone then a new trial will be ordered on all issues.

In the instant case, under the court's instruction the jury could not have found that the defendant was damaged in a sum greater than $425. The jury's returning a verdict for thirteen times that amount, to wit $6,000, necessarily implies that they either were confused as to the true issues of the case or were motivated by passion against the defendant.

We believe the correct rule to follow, under the facts of this case, to be the one laid down in Southern Pacific Co. v. Gastelum, supra, wherein this court said: "When liability is conceded or the evidence relative thereto undisputed, it is, of course, clear that the question of damages is separable and can be determined alone without injustice to the other party. The rule which should govern the granting of a retrial of the issue of damages alone is as well stated in Waucantuck Mills v. Magee Carpet Co., 225 Mass. 31, 113 N.E. 573, 574, as any

we have found. There the court says: 'It is only when the reason for setting aside the verdict relates solely to damages dis-associated from every other contributing, related or vitiating cause that "the new trial shall be limited to the question of the amount of damages alone." " [36 Ariz. 106, 283 P. 725.]

Here we hold the granting of a new trial on the issue of damages alone was error, as such a limited retrial would be prejudicial to the disfavor of the defendant.

Judgment reversed and cause remanded for a new trial on all issues.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.