**FISHER CONSTRUCTION COMPANY, Ltd., Appellant,**

v.

**C. W. LERCHE, Appellee.**

**No. 14842.**

United States Court of Appeals
Ninth Circuit.

April 17, 1956.

Lyle H. Turner, Agana, Guam, Spiegel, Turner & Stevens, Santa Monica, Cal., for appellant.

E. R. Crain, Agana, Guam, Thomas Jenkins, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge and STEPHENS and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court of Guam awarding appellee, hereafter the Employee, $3,200.00 damages against appellant, hereafter the Employer, for breach of a contract of employment. The employer contends that the District Court erroneously placed the burden of proof on it as to factors mitigating the damages.

The employee was employed by the employer for a two-year period. In the middle of the second year the employer discharged the employee, breaching that contract. During some of the time from the date of discharge until the date the contract would have terminated the employee was employed by the Modern Builders Corporation for 50% of the net profits as salary for his services. The employee testified that there was no net profit but that he had drawn $400.00 "against anticipated profits." This sum was deducted from the amount the employee would have made if the employer had not breached their contract of employment to determine the damages awarded.

The employer contends that the District Court erred in placing on it the burden of proof that employee did not in fact suffer damages as a result of employer's breach of contract equal to what the employee would have made from the time of discharge to the termination date of the contract. It concedes that such is the general rule where the issue is whether the employee has reasonably attempted to find other employment to minimize damages. 5 Williston on Contracts, Sec. 1360. However, it contends that the burden should be on the employee where he has entered into a business agreeing to accept a percentage of the profits since the information necessary for the evalu-

ation of damages is peculiar to himself and the others who worked with him.

■ We do not agree that the wrong-doing employer is relieved of the burden of proof in the instant case. The employee testified and was cross examined at length concerning his employment by the Modern Builders Corporation. The employer could have sought the records of that company to show a greater profit than the admitted and deducted $400.00 and failed so to do. We find no error here.

■ Appellant also contends that such a burden should be on the employee to prevent him from gambling on the profits of the new business at the expense of his former employer. This contention is without merit for an employee can take such risks in an attempt to earn a living during the period he would have been employed by the employer but for the employer's breach of contract. See, e. g., Mohawk Sausage & Provision Co. v. Hygrade Food Products Corp., 1 Cir., 1932, 61 F.2d 425.

■ The employer also contends that the District Court erred in allowing appellee the sum of $200.00 per week for wages rather than $175.00 per week as provided for in the written contract. It argues that the appellee failed to prove that the $25.00 per week raise was a contractual obligation supported by bargained for consideration.

The trial on this issue was preceded by the employer's admission at the pre-trial conference "That plaintiff's [appellee's] salary was increased to $200.-00 per week at a date prior to his discharge." [R. 12]. The parties and the District Court were concerned with this issue, with its obvious connection with the question of whether the employer was justified in firing appellee because of the employer's contrary statement of the appellee's longstanding incompetent performance of his duties. At one point the trial judge stated: "My problem in this case is in determining why you continued to employ a man and increase his salary from the 29th of September, 1952 until May 24, 1954 if he had all of the bad qualities that you describe." [R. 148].

However, testimony was introduced at the trial from which the trial judge could have inferred that the $25.00 per week raise was given for an additional consideration over and above appellee's obligation under the written contract. The appellee was asked questions and gave answers as follows:

"Q. Were you ever given a raise in pay during the time you were working for Fisher Construction Company? A. About the first part of February, 1954 my pay was increased $25 a week.

\* \* \* \* \* \*

"Q. At that time were you given any explanation as to why you were given the raise? A. Mr. Fisher stated that he found that my services had been satisfactory up until that point and that *he wanted me to take on additional work.*" [Emphasis added.] [R.31–32]

From this admission of the employer and the testimony the trial judge could have reasonably inferred that the $25.-00 per week raise was given in exchange for appellee's promise to do additional work not required by the written contract during the period covered by that contract. While appellate judges might draw a different inference or disbelieve appellee's self-serving statement, it cannot be said that the trial judge was "clearly erroneous" in drawing such an inference. F.R.C.P. 52(a), 28 U.S.C.A.

■ The employer also contends that the District Court erred in its computation of the damages. It contends that although the written contract was dated September 29, 1952, the contract actually began on September 17, 1952. If the contention is correct it would reduce the damages by approximately $400.00. The written contract states that it confirms "our *verbal agreement* relative to your employment \* \* \*." The evidence is that the employee began work on September 17, 1952. The written contract states that it "is understood that *this agree-*

*ment* shall be for a period of two years." [Emphasis added.]

The District Court erred in construing this document to create a new contractual obligation to run until September 29, 1952. Its purpose was to record a verbal agreement which had been entered into on September 17, 1952.

The judgment is reversed and remanded for a computation of damages in accordance with this opinion.

CHAMBERS, Circuit Judge (concurring and dissenting).

Mostly, I concur in the foregoing opinion. But I disagree with the majority's holding that Lerche should be allowed to recover the extra $25.00 per week which came about due to the raise of his salary from $175.00 to $200.00 per week.

The record, as I read it, indicates beyond doubt that the increase in pay above the original contract was the employer's unilateral act. There is no showing of a bargaining for it or of an intent to change the contract. I would not question that a new contract could have been made.

The Arizona case of Perry v. Farmer, 47 Ariz. 185, 54 P.2d 999, is *not new to me*. In that case there was bargaining and consequent agreement for lower rent than the first lease agreement. There the agreement was both unmistakable and fully executed. The Arizona Supreme Court held that the lessor could not return to the original lease and get the higher rent agreed upon. Perry may stand for the proposition that if the Fisher Company had paid the increased compensation voluntarily to the end of the contract then Fisher could not get the increase back. I do not read Perry as endorsing what the majority does here on this small item. Cf. Alaska Packers' Ass'n v. Domenico, 9 Cir., 117 F. 99.

Here the district court found no new contract. Its finding says, "Fisher increased the compensation of plaintiff under the contract." That is no finding, if there were competent evidence to support one, that "the parties agreed to

modify the original agreement and increase the weekly rate of pay." Under such a finding, the act of raising the pay was solely that of the contractor.